## Jose Perez v. The State.

### No. 6908.   Decided October 18, 1922.

### 1.—Robbery—Special Venire.

Upon trial of robbery, by using and exhibiting a firearm; the defendant was entitled to a special venire, and a refusal by the court to allow him such special venire was reversible error.  Lattimore, Judge, dissenting.

### 2.—Same—Case Stated—Special Venire—Practice in Trial Court.

Where a special venire was denied the appellant upon the announcement by the district attorney that the State would abandon that part of the indictment which charged robbery with firearms, and would not insist upon the death penalty, but would try the case upon that phase of the indictment which charged robbery by assault, and the abandonment of such allegation would vitiate the indictment and would leave nothing therein to prosecute, the same was reversible error.  Lattimore, Judge, dissenting.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of robbery by firearms; penalty, five years imprisonment in the penitentiary.

*Graves & Hutchens,* and *C. F. Clark,* for appellant.—Cited: Farrar v. State, 70 id., 209; Ex Parte Epps, 34 id., 113; Burries v. State, 35 id., 164.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the offense of robbery; punishment fixed at confinement in the penitentiary for five years.

In the indictment it is charged: "  .  .  .   did then and there by using and exhibiting a firearm, to-wit; a pistol, make an assault in and upon one, Jose Ramirez."

A special venire was denied the appellant upon the announcement by the district attorney "that the State would abandon that part of the indictment which charged robbery with firearms and would not insist upon the death penalty, but would try the case upon that phase of the indictment which charged robbery by assault."

Ordinary robbery is defined thus: "If any person by assault or violence or by putting in fear or life or bodily injury shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term

of not less than five years; and, when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death, or by confinement in the penitentiary for any term not less than five years.'' (Code of Crim. Proc., Art. 1327.)

Under this statute, to charge ordinary robbery, it is sufficient to charge that an assault was made without stating the instrument or means by which the assault was made, and if it is desired to prosecute for a felony less than capital, the indictment should be so drawn. If, however, it is desired by the pleader to classify the case as a capital felony, then there must be added to the indictment the averment that in committing the assault a deadly weapon was used. If upon the trial of the case of the State concludes that it is not desired to prosecute for a capital offense, that part of the indictment containing the additional averment, that is, the averment that a deadly weapon was used, may be adandoned. In the instant case, however, the pleader has chosen to depart from the form ordinarily used and to charge an assault with a deadly weapon, thus characterizing the case as a capital one. If the part of the indictment which charges that the assault was made with a deadly weapon be abandoned, then there is nothing left in the indictment upon which to prosecute. In other words, in striking out the words ''assault with a deadly weapon'' from the indictment (as the indictment in this case is drawn) strikes from it an element of the offense and gives the case a different aspect from an indictment which contains an averment appropriate to charge ordinary robbery, but with the added averment that in committing the assault a deadly weapon was used, in such an indictment the latter averment may be abandoned without in any sense marring the perfection of that part of the indictment which charges ordinary robbery. Upon this subject will be found expressions in the case of Gonzales v. State, 88 Texas Crim. Rep., 248, 226 S. W. Rep., 407, in which a conviction in the trial without special venire was upheld. In the Gonzales case, the indictment contained two phases:—that is, one part of the indictment charged that the robbery was committed by assault, with the added averment that in making the assault, a deadly weapon was used. In the recent case of Viley v. State, No. 6604, the indictment was like that in the present case, and we held it to be a capital one, and in consequence of which the accused was entitled to a trial before a jury drawn from a special venire. The decision in that case is conclusive against the State in this one.

Because a special venire was denied, the judgment is reversed and the cause remanded.

                                        *Reversed and remanded.*

LATTIMORE, JUDGE, (dissenting).—I regretfully dissent for reasons stated in Viley v. State, this day decided on rehearing.