## W. E. (BILL) DOUPE v. THE STATE.

No. 18276. Delivered May 27, 1936.

The opinion states the case.

*Anderson V. Weaver, Jr.,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 15 years.

The indictment, omitting formal allegations, charges that appellant "did then and there unlawfully make an assault in and upon Bedford F. Carpenter, and Campbell Elkins, and did then and there, by the said assault, and by violence to the said Bedford F. Carpenter and Campbell Elkins, and each of them, and by putting the said Bedford F. Carpenter and Campbell Elkins and each of them in fear of life and bodily injury, by then and there using and exhibiting a firearm, to wit, a pistol," and then further alleges the fraudulent taking of the property from Carpenter and Elkins. Appellant contends that no assault or violence is alleged except with a pistol, and that, therefore, the State was not in a position to abandon that part of the indictment charging the use of a pistol without dismissing the entire case. In support of his contention he cites Viley v. State, 244 S. W., 538, and Perez v. State, 244 S. W., 548.

In the Viley case the indictment charged that Viley "did by using and exhibiting a firearm, to-wit, a pistol make an assault in and upon one C. J. Brownie, and did then and there by means aforesaid use violence to and upon the said injured party, and by the use and exhbition of said pistol as aforesaid did put the said injured party in fear of life and bodily injury." The indictment in the Perez case charged: "did then and there by using and exhibiting a firearm, to-wit, a pistol make an assault in and upon one Jose Ramirez." These indictments were held to charge the assault and violence, etc., to have been made with a pistol. In short, it was held that the abandonment of the allegation touching the use of a pistol would have carried with it the dismissal of the entire case. We think that in the present case the indictment embraces independent averments sufficient to charge robbery by assault and violence. We quote from Perez v. State, supra: "But with the added averment that, in committing the assault, a deadly weapon was used, in such an indictment the latter averment may be abandoned without in any sense marring the perfection of that part of the indictment which charges ordinary robbery."

It follows from what we have said that appellant's request for a special venire was properly denied, as the State had

abandoned that part of the indictment charging the use of a pistol. Gonzales v. State, 226 S. W., 405.

It appears from bill of exception No. 2 that appellant refused to plead to the indictment because the certified copy served on him "in the latter part thereof (the last time the name Carpenter appeared) read as follows: said Bedford F. Carpenter F. Carpenter." In the original indictment Carpenter was referred to throughout as Bedford F. Carpenter. In the copy served on appellant Carpenter's name was correctly stated four times. Under the circumstances, we think the bill of exception fails to reflect reversible error.

In bill of exception No. 3 it is shown that appellant objected to the testimony of Bedford F. Carpenter relative to the guns that were taken from his possession at the time of the robbery, the objection being that said testimony was hearsay. As qualified, said bill of exception fails to reflect error. We quote the qualification as follows:

"With the qualification that Carpenter testified fully on direct examination, and without objection that the defendant and his co-principals took the Thompson sub-machine gun, the 30-30 rifles, and a 22 practice pistol, and that such guns as above described were taken without his consent. On cross-examination by defense counsel, he was asked how he knew the rifle was a 30-30 and he replied it was so branded on the barrel. He was asked how he replied it was so branded on the barrel. He was asked how he knew the pistol was a 22 and he said because it used 22 ammunition and had '22 long rifle' stamped on the barrel. Counsel then objected to his answer to those two questions because hearsay, which objection was overruled. No objection was made to the previous testimony on the subject, and no motion was made to strike such former testimony. Thereafter on further cross-examination he testified in response to question by defense counsel that he owned one of the 30-30 rifles and Cap Moore the other. Being asked who owned the 22 practice pistol, he testified Tom Abel owned it. And he was further asked if he was positive that the pistol was a 22 practice pistol and he testified he was positive that it was, and no objection whatever was made to his said answer."

We are of opinion that bill of exception No. 6 fails to reflect error. At the time appellant was arraigned the district attorney announced that he would abandon that part of the indictment charging the use of firearms, and when the case was called for trial he dismissed the charge that a pistol was

used. It appears from the record that the case was tried on the 2nd of October, 1935. Eleven days prior to the time the case was called for trial the court appointed counsel to represent appellant. There is nothing in the record to indicate counsel did not have ample opportunity to prepare the case for trial. Appellant made no application for a continuance.

The testimony was uncontroverted to the effect that appellant, Ed. Stanton, Andrew H. Nelson and J. B. Stephens assaulted Bedford F. Carpenter and Campbell Elkins and took from their possession an automobile and other property. The evidence is amply sufficient to support the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.