P. B. GONZALES v. THE STATE.

No. 5986.   Decided December 8, 1920.

1.—Robbery—Indictment—Election by State—Capital Offense—Practice in Trial Court.

Where the indictment charged robbery by assault and violence, and also by the use of firearms, the latter being a capital offense when deadly weapons are used, that charging the use of firearms, which merely enhances the punishment, is not essential, and it is within the power of the State to abandon that phase and prosecute upon the other. Following Crouch v. State, 219 S. W. Rep., 1099, and, where in the instant case the State practically took this course, there was no reversible error.

2.—Same—Special Venire—Number of Challenges—Practice in Trial Court.

Where, upon trial of robbery, the State abandoned that part of the indictment which charged the use of firearms and tried defendant for a felony not capital, the trial court correctly overruled defendant's motion that he would claim the privilege of exercising fifteen peremptory challenges and confined him to ten peremptory challenges, and he was not entitled to a special venire. Following Weaver v. State, 52 Texas Crim. Rep., 11.

**3.—Same—Name of Defendant—Practice in Trial Court.**

Where, the defendant was tried under the name of "Gonzales," the fact that in the indictment his name was spelled "Gonzilas," was no ground for quashing the indictment, as he did not suggest that name by which he wished to be tried.

**4.—Same—Principals—Charge of Court.**

Where, upon trial of robbery, the evidence raised the issue of principals, the court correctly charged thereon.

**5.—Same—Evidence—Bill of Exceptions—Co-defendant.**

Where, the bill of exceptions did not show that the conviction of defendant's co-defendant grew out of the same transaction, as that for which the defendant was tried, but the contrary appeared from the record, there was no error in admitting testimony that said co-defendant had been convicted of the crime of highway robbery; besides, the bill did not state the facts whereby it could be determined that such evidence was inadmissible. Following Horn v. State, 50 Texas Crim. Rep., 404.

**6.—Same—Arguument of Counsel—Rule Stated—Bill of Exceptions.**

It is necessary to adhere to the rule that the bill of exceptions should disclose not only the argument which is complained of, but such pertinent facts as may be necessary to enable the court to determine whether au error has been committed which would reverse the case, and in the absence thereof there was no reversible error.

**7.—Same—Evidence—Bill of Exceptions—Imputing Crime to Another.**

Where, upon appeal from a conviction of robbery, appellant complained of the refusal of the court to permit him to prove by the prosecuting witness that he had associated with the woman in the case prior to the robbery, offering opportunity for her to steal the property, but it appearing that this was before the robbery, the complaint is without merit. Likewise, there was no error of the refusal of other like evidence.

**8.—Same—Evidence—Bill of Exceptions—Argument of Counsel.**

Where, the bill of exceptions did not disclose in what manner the remark of the prosecuting attorney might have prejudiced the defendant, but simply contained the grounds of objection, the same was insufficient and there was no reversible error.

**9.—Same—Deductions of Jurors—Bill of Exceptions—Motion for New Trial.**

The testimony of the jurors as to the deduction they drew from the proceedings with reference to the remark of State's counsel was not available to aid the bill of exceptions, and trenched upon the rule declaring them incompetent to impeach their verdict; and, while exceptions may arise to the general rule, the facts in the instant case do not come within any of these exceptions. Following Watson v. State, 82 Texas Crim. Rep., 310, and other cases.

**10.—Same—Misconduct of Jurors—Presumption.**

Where the facts rebut any presumption of injury by reason of the juror conversing with outsiders, but simply received information that members of his family were ill, there was no reversible error. Following Speer v. State, 57 Texas Crim., Rep., 397, and other cases.

Appeal from the District Court of Wichita. Tried below before the Hon. C. C. McDonald, Special Judge.

Appeal from a conviction of robbery; penalty: seven years imprisonment in the penitentiary.

The opinion states the case.

*Heyser, Hicks, Wilscn & Williams,* and *H. D. Bishop,* for appellant.—On question of conduct of State's counsel: Wilkerson v. State, 57 S. W. Rep., 961; Thomas v. State, 62 id., 919; Hanks v. State, 117 id., 150; Overstreet v. State, 150 id., 631.

*Alvin M. Owsley* Assistant Attorney General, for the State. On question of jurors impeaching their verdict: Weatherford v. State, 21 S. W. Rep., 251.

MORROW, Judge.—The appellant was convicted of robbery, and punishment fixed at confinement in the penitentiary for seven years.

One Malca was at night-time walking on the streets of the city of Wichita Falls, in company with a woman by the name of Ruby Taggart, and a man who was his friend. Malca and his friend were accosted by two men, a pistol was presented, and their property, consisting of money and jewelry, taken from them. The woman fled. It is the State's theory that the woman, Ruby Taggart, the appellant, and a companion named McBride, were acting together. Malca and Ruby Taggart had previously met, and by agreement had occupied the same room at a hotel. He testified that upon her suggestion, he and his companion were going in her company to a place where she claimed there was another woman and something to drink. The assailants were strangers to Malca. He reported the robbery, and described the assailants, one as having the appearance of an Indian, and the other a smaller man. Subsequently, the appellant was arrested in the city of Fort Worth, occupying the same room and bed with Ruby Taggart, and in the room some of the property which was taken from Malca was found. Malca identified the appellant as one of his assailants, at the time of his arrest, and subsequently upon the trial.

The indictment charged robbery by assault and violence, and also charged the use of firearms. The crime of robbery by assault is a felony, but not capital; however, when deadly weapons are used it becomes capital, Penal Code, Art. 1327. Where the indictment contains both phases of the crime, that charging the use of firearms, which merely enhances the punishment, is not essential, and it would be within the power of the State to abandon that phase and prosecute upon the other. Crouch v. State, 87 Texas Crim. Rep., 115. The State, in the instant case, as we understand the record, pursued practically this course, by announcing that that part of the indict-

ment making it a capital case would not be insisted upon. The indictment was filed during term time, and the case at the same term was tried about forty days after the indictment was presented. No request was made by either the State or the appellant for special venire. When announcement was made, the appellant advised the court that he would claim the privilege of exercising fifteen peremptory challenges. Being advised by the court he would not sanction this course, but would confine him to ten such challenges, they proceeded to select the jury, the appellant exercising eight peremptory challenges. In a capital case the accused is entitled to a special venire, and assuming that the appellant was to be tried for a capital offense, he would have been within his rights to demand a special venire at the time the case was called for trial. Farrar v. State, 44 Texas Crim. Rep., 236; Burris v. State, 36 Texas Crim. Rep., 14. Whether his failure to demand a special venire at that time was a waiver of that right, under the circumstances we need not decide, as in our judgment the action of the State, which was sanctioned by the trial judge, amounted to a dismissal of that part of the indictment which made the case capital. At least it amounted to an election upon the part of the State to abandon that part of the indictment, which did not prejudice its right to proceed with the remainder, which charged a felony not requiring a special venire. Weaver v. State, 52 Texas Crim. Rep., 11.

In the indictment appellant's name was spelled "Gonzilas." This was not ground for quashing the indictment. He might, on suggestion, have had his name, properly spelled, inserted. This is statutory. C. C. P., Art. 559.

There was no error in charging on the law of principals.

Complaint is made in a bill of exceptions of proof that one McBride, a co-defendant of appellant, had been convicted and sent to the penitentiary for the crime of highway robbery. It is not made to apear by the bill that this conviction grew out of the same transaction as that involving the appellant. By another bill the contrary is shown. Such proof would not have been admissible. Horn v. State, 50 Texas Crim. Rep., 404. The bill leaves us without facts upon which to determine that the evidence was not admissible upon some other phase of the case, or that it was in any way calculated to prejudice the rights of the appellant.

The substance of Bill of Exceptions No. 5 is quoted thus:

"The prosecuting attorney stated in his closing argument before the jury: 'There sits Bulah Gonzales, and she could have taken the stand and told you why the property was in the room of McBride;' which statement was excepted to by the appellant as being irrelevant, immaterial, prejudicial, and not binding upon defendant."

It is said by Mr. Branch in his Annotated Texas Penal Code, p. 204:

"Before a reversal can be had on account of improper argument of State's counsel, it must clearly appear that the remarks were improper, that they were of a material character, and such as under the circumstances are calculated to injuriously affect the rights of the defendant."

See House v. State, 19 Texas Crim. App., 239, and other cases cited by the author. It is obviously a burden that the reviewing court cannot assume, to go through the record and determine the relation of an alleged improper argument to the case, and its probable effect upon the jury, and one that it could not discharge without knowledge of facts which are probably not disclosed by the record, such as the invitations extended in the arguments of opposing counsel to enlarge the scope. It is, therefore, necessary to adhere to the rule that the bill of exceptions should disclose not only the argument that is complained of, but such pertinent facts as may be necessary to enable the court to determine whether an error has been committed, and, if so, whether it is such as authorizes a reversal of the case. The bill before us does not give such information; and the same is true of other bills relating to argument.

Some bills appear complaining of the refusal of the court to permit appellant to prove by the prosecuting witness that he had associated with the woman in the case prior to the robbery, the theory being that opportunity would thus have been afforded for her to steal the property while occupying the same room. It being an undisputed fact that the woman did occupy the same room with the appellant before the robbery the complaint is without merit.

It was also undisputed that at the time of the robbery Malca and his male companion, accompanied by the Taggart woman, were on their way to visit another woman. The bill complaining of the refusal of the court to permit proof of this fact presents no harmful error.

Bill of Exceptions No. 15 is as follows:

"When P. B. Gonzales, defendant, was on trial in this case, and on cross-examination by prosecuting attorney, Mr. Davenport, he presistently stated on examination of P. B. Gonzales and asked the following questions relative to Ruby Taggart, which questions were as follows:

Q. And you had known her before?

A. No Sir.

Q. If she says you did, she is mistaken?

to which statement and questions defendant's attorney objected, stating there was no statement of hers before the court, to which Mr. Davenport replied: 'We tried to get it before the court; which statement was made in the presence of the jury and for the only purpose of conveying to the jurors that Ruby Taggart has made a statement which was prejudicial and when Ruby Taggart was not on trial in

this case, and to which testimony defendant objected as being irrelevant, not binding on the defendant and prejudicial, and the court overruled said objection and admitted said testimony, to which decision of the court the defendant then excepted.'' The incorporation in the bill of exceptions of the grounds of objection is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Ann. Texas P. C., sec. 209, and cases there listed.

This bill fails to disclose whether Ruby Taggart had or had not made the statement referred to, nor was it otherwise disclosed in what manner the remark of the prosecuting attorney might have prejudiced the appellant. The remark may have been improper. It is not made to appear that it was harmful.

An effort was made on hearing of motion for new trial, to prove by some of the jurors the deductions that they drew from the remark of the county attorney mentioned in the bill quoted. The testimony of the jurors as to the deduction they drew from the proceedings mentioned was not available to aid the bill of exceptions. Proof of such deductions of jurors trenches upon the rule declaring them incompetent to impeach the verdict. Thompson on Trials, vol. 2, sec. 2618; Weatherford v. State, 31 Texas Crim. Rep., 536; Pilot v. State, 38 Texas Crim. Rep., 515; Watson v. State, 82 Texas Crim. Rep., 310. Under out statute, Article 837, setting forth the grounds upon which new trial may be granted, exceptions arise to the general rule stated above but the facts in the instant case do not come within any of these exceptions.

The receipt by one of the jurors of information that members of his family were sick, under the circumstances as detailed on the motion for new trial, does not authorize a reversal of the judgment. The facts rebut any presumption of injury obtaining by reason of his conversing with outsiders. Speer v. State, 57 Texas Crim. Rep., 297; Bryan v. State. 63 Texas Crim Rep., 203; Early v. State, 51 Texas Crim. Rep., 382.

We have carefully read the statement of facts, and considered all matters raised for review, but are unable to reach the conclusion that there is presented anything which would justify a reversal of the judgment. It is therefore affirmed.

*Affirmed.*