## MURRAY STRICKLAND v. THE STATE.

### No. 8232. Decided May 21, 1924.

**1.—Transporting Intoxicating Liquor—Severance—Practice in Trial Court.**

When two parties, jointly or separately indicted, for offenses growing out of the same transaction each file affidavit for severance, it is in accord with our statutes that the court direct the order in which they shall be tried, and neither is in an attitude to complain.

**2.—Same—Questioning Witness—Practice in Trial Court.**

Manifestly, the question asked the appellant which begins in this form: "Now, Mr. Witness, we want to get this in the minds of the jury—" is objectionable, as is also a question by appellant to one of the witnesses, "Would you swear to a lie for this boy, or not?" However, it is admissible that witnesses introduced by either party may have their credibility attacked, by showing that they are under indictment for felony.

**3.—Same—Bill of Exceptions—Question and Answer Form.**

Where the bills of exception are in question and answer form, and some are multifarious, they will not be considered on appeal, and the evidence being sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Johnson. Tried below before the Honorable Irwin T. Ward.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard, Attorney* for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Johnson County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

We have no brief before us giving us the benefit of appellant's views. There are seventeen bills of exception in the record each one of which has been carefully examined. When two parties jointly or separately indicted for offenses growing out of the same transaction each file affidavit for severance, it is in accord with our statute that the court direct the order in which they shall be tried, and neither is in an attitude to complain. Manifestly the question asked by appellant which begins in this form: "Now, Mr. Witness, we want to get this in the minds of the jury—" is objectionable. A question by appellant to one of his witnesses, "Would you swear to a lie for this

boy or not?" is open to objection. We need not discuss the admissibility of the fact that witnesses introduced by either party may have their credibility attacked by proof of the fact that they are under indictment for felonies.

A number of bills of exception appearing in this record are in question and answer form and some are multifarious. One of them presents appellant's objection to the form of an objection made by the State's counsel to a matter inquired about, and one is to testimony as to the difference between the odor of corn whisky and denatured alcohol. A number of the bills are to complaints made by appellant in his motion for new trial of matters raised for the first time in the motion for new trial and which should have been raised during the progress of the trial, if raised at all.

No good purpose would be served by referring to the various bills of exception further. None of them have been overlooked. None of them present any reversible error.

An affirmance will be ordered.

*Affirmed.*