# JANUARY 7, 1942

James Alford v. The State.

No. 21813. Delivered November 5, 1941.
Rehearing Denied January 7. 1942.

The opinion states the case.

*Ben F. Cone,* of Conroe, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the murder of R. L. Agnew, and upon his conviction the jury gave him the penalty of death.

It appears from the proven facts that appellant and a companion, one Jack Rupert, were hitchhiking along the highway between Austin and San Antonio, in March 1941, and they obtained a ride from Mr. Agnew, who was driving alone on such highway. In his written statement, which was not objected to, nor controverted or challenged in any manner, appellant says that they proceeded towards San Antonio, his companion Rupert driving the car, appellant being in the back seat, having in his possession a pistol stolen from a previous employer in Houston; that they wanted Mr. Agnew's car, and, after having driven some distance, appellant struck Mr. Agnew several blows from behind with the butt end of the pistol; that Mr. Agnew just holloed, and then became quiet; that they then drove off on a side road and took the still breathing body out of the car and dragged it under a fence; that they searched the body, taking off it some money, included in the money being a two dollar bill; they also took Mr. Agnew's watch, and a practically new electric razor, as well as his baggage. They then placed the body in a ditch and drove off in the car. They then began a trip down to the Rio Grande valley, being seen at various places, and were by the officers traced from town to town, and finally arrested in the State of California, where appellant made and signed a written statement of the occurrence. Upon being brought back to Texas, the two indictees, in company with the officers, retraced their steps from the scene of the crime to where they burned the stolen automobile near the city of Brownsville and assisted in the recovery of all the property of Mr. Agnew which they had taken from him after the assault, as well as the final recovery of the pistol with which it was shown Mr. Agnew was beaten to death. There appeared on the body of the deceased ten wounds, two of which had fractured both tables of the skull, and from which he died before the crime was discovered.

The first bill of exceptions relates to the trial court's overruling a motion for a severance, upon the part of appellant, in which he requested that his co-defendant Jack Rupert be put upon his trial first. Upon a hearing of such motion the court found that the two defendants had not and would not finally agree upon their order of trial, and further that Rupert was filing a motion for a continuance on account of the absence of a material witness, and he therefore ordered appellant to trial first. Art. 652, C. C. P.

In the first place, when the defendants can not agree upon their order of a trial, and either one requests a severance, it becomes the duty of the court to exercise his discretion and order the trial to proceed as his judgment might dictate. In the next place, it was affirmatively shown that appellant's co-indictee desired to move for a continuance in the Rupert trial. The court doubtless saw the probability of a continuance before him, and under Art. 651, C. C. P., we think he was justified in putting appellant on his trial first. See Terrell v. State, 197 S. W. 1107; Palmer v. State, 115 S. W. (2d) 641. And upon appellant standing mute and refusing to plead when called upon, the trial court was correct in pleading not guilty for him. Art. 520, C. C. P. We see no error evidenced herein.

By appellant's bill of exceptions No. 2 the appellant complains of the action of the trial court in refusing to grant his continuance because of the absence of two witnesses that had not been summoned, but whose names he claimed to have given to his attorney to summon. It also appears from the record that the two witnesses who were absent at the commencement of trial and such absence was the basis of the motion for a continuance were produced by the State and made available to the defendant and the defendant, through his attorney, in open court stated that he did not desire to use the two witnesses. Even though had it been error in the first instance to refuse the motion for a continuance, which we do not think is true in this instance because there was a lack of diligence in subpoenaing the witnesses, there is no reversible error because the witnesses were made available to appellant at his trial and he did not make use of them. Branch's Ann. Penal Code, Sec. 326, page 191, and authorities there cited.

While the verdict herein is severe, we can not say it is not merited. These two men had obtained the favor of a ride by the kindness of Mr. Agnew, and while Rupert was driving the car, appellant made a ferocious attack upon the deceased from the rear seat with a pistol used as a bludgeon, and struck the deceased ten times, practically all of such blows being on the neck and head, from which the deceased must have soon died. These two men then robbed the deceased, and taking his automobile drove away, leaving his body in the roadside ditch. Under these circumstances we are not in a position to say that the verdict of the jury was excessive. We have carefully reviewed the entire record and think that the careful

trial court accorded to appellant all the rights which he was entitled to in this case, and so believing, and finding no error herein, the judgment is affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed rather a vigorous motion for rehearing in this cause which evidently is not well considered in connection with the record. It is charged that this court stated facts which are not true. If there is apparently an error in the opinion, a construction which appellant gives to its language, saying that there was a motion for a continuance by Jack Rupert at the time the court chose to place this appellant on trial first, there is still no error in the conclusion which was reached.

As stated in the motion, the court agreed about 10:30 in the morning to grant a severance and to place Rupert on trial first. At that time Rupert did file a motion for a continuance and the court immediately adjourned until 2 o'clock of the same day. The mere silence of Rupert and his attorney while appellant was presenting his motion to the court in his case may or may not be under circumstances that would result in an acquiescence. The trial court had these matters before him and it was his province to determine that fact. He did so and held that there was no agreement. When the court reconvened at 2 o'clock in the afternoon the motion for a continuance by Rupert was withdrawn, at which time he asserted his claim to have the other party (appellant) placed on trial first just as appellant had done in the forenoon. The court, therefore, had the matter before him and acted the same day under the authority stated in the original opinion. The fact that the language in the original opinion does not reflect that there was a withdrawal of the motion for continuance is immaterial.

In re-editing the original opinion Judge Graves deleted a statement which he had placed in it to the effect that Rupert later pleaded guilty and received a life sentence for his part in the crime, thereby destroying the force and effect of appellant's motion for severance and request that Rupert be placed on trial first. Appellant has discovered from the copy of the opinion furnished him that this was done and vehemently asserts that the writer of the opinion has deliberately placed in his opinion things that were not found in the record and

positively asserting that no such statement was found in the record as a basis for its being placed in the opinion at any time. Evidently this court has given much more careful consideration to the record in the case than diligent counsel has done for his own client, even on a motion for rehearing, for we find in the court's qualification to bill of exception number one, and quote from page 47 of the transcript, the following:

"The co-defendant, Jack Rupert, entered a plea of guilty and was sentenced to life imprisonment fourteen days after the conviction of the defendant Alford."

It was perfectly proper for the trial court to place this qualification on the bill justifying him in reaching the conclusion which he did in placing appellant on trial first, and it was perfectly proper for the opinion of this court to so state, and the original opinion need not have been tempered by its deletion.

We find nothing else in the motion for rehearing which requires consideration. We have carefully reconsidered the entire record and think the original opinion correctly disposes of the cause.

The motion for rehearing is overruled.