JOHN D. HENDERSON V. THE STATE.

No. 23261. Delivered January 2, 1946.
Rehearing Denied February 20, 1946.

The opinion states the case.

*Kahn, Heidingsfelder & Wander,* of Houston, for appellant.

*A. S. Winborn,* Criminal District Attorney, and E. T. Branch, Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record discloses that on the night of March 25, 1945, appellant, who was accompanied in his automobile by one R. E. Brown, and two ladies, collided with that of James M. Condon who, at the time, was riding in his car in company with two ladies. Immediately after the collision, Condon stopped his car and got out of it to investigate the damage to it, while appellant drove on some distance, then turned around, came back to where Condon was and demanded that he pay him $15.00 or he would "beat hell" out of him. Condon declined to pay him, whereupon appellant struck him, knocked him down and kicked him. When Condon was finally permitted to arise, he told appellant that he did not have $15.00, and in order to convince appellant of the truthfulness of his statement, he pulled his billfold out of his pocket and opened it. Appellant grabbed it and took therefrom five one-dollar bills. He then tore the billfold in two and handed it back to Condon.

Appellant did not testify. However, he proved by the two ladies who were with him at the time and place of the occasion in question, that Condon voluntarily gave him the money after they had engaged in a fist fight.

It will be noted from the foregoing brief statement of the facts that whether Condon voluntarily gave the money to appellant, or did so to avoid further punishment at the hands of appellant, was an issue which the jury decided adversely to him.

Appellant and R. E. Brown were both indicted for the offense. Brown filed a motion for a severance on the 7th day of April, praying that the same be granted and that appellant be tried first. The defendants were unable to agree as to who should be tried first. Thereupon the court placed defendant on trial, to which he objected, which objection was overruled and he then and there excepted. We see no error reflected by the bill. The court's action relating to this matter is in accord with Art. 652, C. C. P., which provides as follows:

"If a severance is granted, the defendants may agree upon the order in which they are to be tried, but if they fail to agree, the court shall direct the order of the trial."

See Morgan v. State, 97 Tex. Cr. R. 383; Goforth v. State, 100 Tex. Cr. R. 442; Murrell v. State, 137 Tex. Cr. R. 92; Fletcher v. State, 147 S. W. (2d) 233; Alford v. State, 157 S. W. (2d) 391.

The court, in his main charge to the jury, instructed them as to the law applicable to the case, and included therein the following instruction:

"The fact that the defendant claimed that said Condon was to blame in damaging his car would not give the defendant the right to extort money in payment thereof by assault or by putting said Condon in fear of life or bodily injury."

Appellant objected thereto on the ground that it was not the law applicable to the case; that it was an undue comment on the weight of the evidence; that it calls the jury's attention to the fact that the defendant attempted to and did extort money for damages by puting Condon in fear of life or bodily injury. The court overruled the objection with the explanation that appellant's attorney claimed that he had a right to assess the damages to his car and to collect the money by force, and that the court deemed it proper to advise the jury of what the law was on the subject, to which ruling appellant excepted. The trial court no doubt followed the instruction in the case of Fannin v. State, 100 S. W. 916, 51 Tex. Cr. R. 41, which is almost in identical language as the one here complained of. The objection in that case, as in the present instance, was that it did not state the law; that the contrary is the law. The trial court evidently deemed it necessary to advise the jury what the law was under the particular facts of this case. Whether or not the injured party ran his automobile into that of the appellant and injured it is not of any moment, since appellant was not legally justified in collecting unliquidated damages by assault or violence or by putting Condon in fear of life or bodily injury. To hold otherwise would be establishing a dangerous doctrine, since it would authorize the accused not only to decide his own injury or damage but to enforce the collection thereof by force and violence. This is contrary to the policy of our form of government. We do not think that the charge in question is any comment on the evidence but is the pronouncement of the law pertaining to the particular facts of this case.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant raises, for the first time, a question about the order of the court granting a severance on the application of his co-defendant, Brown. They were charged by joint indictment. Brown filed a motion for severance on the 7th day of the month. On the 19th day of the month, thereafter, appellant filed his motion asking for a severance and also asking that Brown be first placed on trial. Appellant seriously contends that the motion for severance filed by Brown was not in accord with the requirements of the statute. He then insists that his motion for severance was good and that he thereby procured a priority on the right to have his co-defendant placed on trial first. We do not so construe the statute. It appears that Brown's motion for severance did not comply with the requirements of the statute. We are likewise very doubtful that appellant's motion was sufficient to require the court to act on it. Conceding that he did act on Brown's motion and that it was bad, a severance resulted, which was the only thing that appellant could ask under Article 650 of the Code of Criminal Procedure, which controls the case where parties are jointly indicted.

Article 651 of the Code, on which appellant relies, applies to parties who are separately indicted. It would then have no application to a question of severance, but applies only to the question of the rights of such parties to ask that the other defendant be tried first. Article 652 relates back to Article 650 and provides that after a severance has been granted to one of the parties they may agree on the order in which they are to be tried, "* * * but if they fail to agree, the court shall direct the order of the trial." The court did grant a severance. This inured to the benefit of appellant, regardless of the intention of the trial court to act on the motion by Brown, and gave appellant all of the rights he could have had if the court had announced that he granted appellant's motion for severance. The next question, then was whether or not Brown should be placed on trial first.

We note that appellant's motion for severance recognizes the prerogative of the court to determine which shall go on trial first in a case wherein the two parties charged cannot agree. The record shows that Brown and Henderson did not agree and, as stated in Henderson's motion for severance, after recalling that Brown would not agree to be tried first "the burden is cast upon this court to direct which one of the two defendants be tried first." Such pleading before the court at that particular time might be construed as an agreement that the court, in the further language of the motion, "sitting as a Chancellor, exercise his prerogative and order that the said R. E. Brown be tried first * * *." It follows that he could, in the same capacity, order that Hendereson be tried first, which he did. Such admission is in accord with the plain provisions of Articles 650 and 652, C. C. P.

We think that appellant is confused by consideration of Article 651 of the Code and, furthermore, that he has misconconstrued its effect. Neither party gains a priority on a right to have the other fellow go to trial first, simply because the movant is first to file the pleading. Regardless who files a pleading, it is within the discretion and power of the trial court upon the granting of a severance to ascertain whether or not the parties agree on who shall be tried first. If they do not agree, it then becomes his duty to direct the first to go on trial. The party so directed has no right to complain. As stated by Judge Lattimore, in Strickland v. State, 262 S. W. 75: "When two parties, jointly or separately indicted for offenses growing out of the same transaction, each file affidavit for severance, it is in accord with our statute that the court direct the order in which they shall be tried, and neither is in an attitude to complain."

The next question submitted on the motion for rehearing complains of the form in which the jury's verdict was returned into court. The transcript of the judgment contains the following verdict: "We, the Jury, find the defendant guilty as charged to minimum sentence of 5 years in the State Penitentiary."

We are cited to a great many cases in which this court has held the verdict to be insufficient. Usually it is where material statements have been omitted and we would be required to interplace some of the essential clauses in the verdict in order to make it intelligible. It has always been held that verdicts should receive a liberal rather than a strict construction, and should be sustained where the finding of the jury can be rea-

sonably ascertained. The object should be to ascertain the intention of the jury. Branch's Ann. P. C., Sec. 646, and authorities annotated thereunder. The verdict in this case finds the defendant guilty as charged. This must refer to the indictment. Noland v. State, 140 S. W. 100.

It further says "sentence of 5 years in the State Penitentiary." This was held sufficient in Garcia v. State, 89 S. W. 647. Construing this, as we should, in the light of the court's charge, they had a right to fix a sentence only after finding the party guilty, which they did, even though the word "assess" was not incorporated in it.

It is difficult to understand how a trial court could overlook this awkward verdict, but it appears that the lawyers representing the appellant on the trial likewise overlooked it for it is raised for the first time on motion for rehearing in this court. It is our conclusion that a fair construction of the verdict reflects the intention of the jury. They found him guilty and they gave him 5 years in the penitentiary.

The appellant's motion for rehearing is overruled.