CHARLES JAMES WIGGINGTON V. STATE.

No. 24410. June 22, 1949.
Rehearing Denied October 12, 1949.
Request for Leave to File Second Motion for Rehearing Refused
(Without Written Opinion) October 19, 1949.

*Roger Lewis,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, *Vernon A. Davis,* Assistant District Attorney, and *Frank C. Moore, Jr.,* Dallas, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for robbery by assault; the punishment, confinement in the penitentiary for fifteen years.

The indictment contained two counts: The first charged robbery by assault while using and exhibiting a firearm, to-wit: a gun; the second charged robbery by assault while exhibiting a sub-machine gun. The second count was abandoned by the state. Upon motion of the state, the allegation in the first count as to the use of a gun was dismissed and abandoned. As thus

changed, the case proceeded to trial under the first count, as an ordinary felony.

Appellant excepted to the action of the court in permitting the state to abandon the allegation relative to use of the gun, and here urges same as error.

The action of the trial court was in keeping with established precedent. Branch's P. C., Sec. 2383; Weaver v. State, 52 Tex. Cr. R. 11, 105 S. W. 189.

Appellant insists that, notwithstanding the dismissal of that part of the indictment charging the use of a gun, the offense charged by the indictment was a capital felony and that he was entitled to a special venire from which the jury was to be drawn. He excepted to the action in refusing him a special venire.

The use of a firearm or other deadly weapon in effecting the crime of robbery is but a circumstance of aggravation and affects only the determination of the penalty and grade of offense. Without such an allegation the punishment fixed for the crime of robbery is confinement in the penitentiary for life or for a term of not less than five years. Art. 1408, P. C. Such offense is one ordinarily termed a felony. Art. 47, P. C. A capital felony is one for which the highest penalty is death. Art. 1408, P. C. A special venire is required only in a capital case. Art. 587, C. C. P.

In support of his contention appellant relies upon the case of Viley v. State, 92 Tex. Cr. R. 395, 244 S. W. 538. The Viley case is not here applicable. There, the indictment charged the offense of robbery only by an assault with a pistol. The abandonment of the allegation relative to the use of a firearm would have been tantamount to a dismissal of the case.

In the instant case the indictment charged the robbery to have been committed by assault and by violence and by putting in fear and by using and exhibiting a firearm.

The case of Gonzales v. State, 88 Tex. Cr. R. 248, 226 S. W. 405, and Doupe v. State, 130 Tex. Cr. Rep., 390, 94 S. W. 2d 1164, sustain the trial court's ruling in denying a special venire.

We are unable to see any error in the action of the trial court in refusing to permit appellant to testify as to the mistreatment administered to him by police officers in an en-

deavor to secure from him a confession. The relevancy or materiality of such testimony is not perceived. The state made no effort to introduce a confession of the appellant upon the trial of the case.

Not being permitted to introduce before the jury such testimony directly, the appellant was equally unauthorized to get such fact before the jury by volunteering same, in connection with his answer to other questions, after the objection of the state had been sustained. The trial court was warranted in reprimanding him for his action in disregarding the trial court's ruling.

Appellant was positively identified by the injured party as the man who, together with another, robbed him of $117.

It was the province of the jury to reject appellant's defense of alibi.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because the jurors were allowed to take with them in their deliberations the indictment herein, as shown by his Bill of Exception No. 3. It is shown by the qualification of said bill that upon the motion of the state, the portion of the indictment charging the use of a firearm, to-wit, a pistol, was waived by the state by an instrument in writing approved by the court; and the second count in the indictment charging such robbery was committed by the use of a submachine gun was dismissed in its entirety upon the motion of the district attorney, although such allegation of necessity remained in the indictment. The trial court then charged the jury, among other things, as follows:

"Gentlemen of the Jury: The second count of the indictment is withdrawn from your consideration, and this case is submitted to you only upon the first count of the indictment, and the verbiage set out in the first count of the inidctment as follows is hereby withdrawn from your consideration, 'And then and there by using and exhibiting a firearm, towit, a pistol.'"

578

Again, Article 674, C. C. P. provides that "the jury may take with them any writing used as evidence." In the case of Ross v. State, 100 Tex. Cr. R. 295, 273 S. W. 582, it was held that the jury may take the indictment to the jury room, although it contains a count withdrawn from the case.

The original opinion herein has already disposed of the questions again presented to us, and we adhere to its conclusions relative thereto.

The motion for a rehearing will be overruled.