ROY M. HOGUE, JR., V. STATE.

No. 24838. October 4, 1950.
Rehearing Denied December 13, 1950.

*Charles W. Tessmer,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *Charles S. Potts,* and *Fred M. Bruner,* Assistants District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for robbery with a penalty of twenty-five years in the penitentiary.

A motion for a continuance was presented and overruled. This was an equitable motion as distinguished from a statutory motion. Such a motion is addressed to the discretionary powers of the trial court. We are unable to agree that in the instant case the trial court abused that discretion.

It appears that one Billy Gale Henry was also under indictment for the same offense. Appellant sought by motion for severance to have Henry first placed upon trial. Complaint is made of the action of the trial court in overruling the motion. The court's qualification to the bill of exception presenting this matter shows that Henry also filed a motion for severance seeking to have appellant first tried, and that, in accordance with the discretionary power of the trial court (Art. 652, C.C.P.), he

overruled the motion of the appellant. The trial court's action is supported by an abundance of authority. Alford v. State, 143 Tex. Cr. R. 57; 157 S.W. 2d 391; Henderson v. State. 149 Tex. Cr. R. 167, 192 S.W. 2d 446.

The indictment charged that the robbery was effected by assault and violence and while exhibiting a pistol. Upon motion of the state, the allegation relative to the exhibtion of the pistol was dismissed. Appellant insisted that the charge against him was a capital felony, notwithstanding the dismissal of the firearms allegation, and that he was entitled to the number of peremptory challenges to the jurors accorded an accused in a capital case. The trial court treated the accusation as that of an ordinary felony and refused to allow the additional challenges to the jurors. In this, the trial court was correct. Wiggington v. State, 153 Tex. Cr. R. 574, 223 S.W. 2d 232.

Bill of Exception No. 8 complains of a question asked the appellant on cross-examination after he had testified in his own behalf that he was discharged from the Marine Corps under honorable circumstances. The bill is prepared to show that the question was: "Isn't it a fact that you are a Marine Corps deserter?" It further sets out that the court sustained the objection but refused the request to instruct the jury to disregard the question; and that, thereafter, defendant filed a motion for a mistrial on the grounds that this question was so inflammatory and prejudicial to the defendant's rights that it was calculated to effect their verdict. It is alleged that the court refused this motion for a mistrial and that they excepted in open court.

The court qualified this bill by first quoting the questions asked and the answers given, with the objection and ruling of the court, as follows:

"Q. And you say you were in Marine Corps and told, after your service in Marine Corps, said, had Honorable Discharge? A. Under honorable conditions.

"Q. Isn't it a fact that you were picked up twice as a Deserter from Marine Corps in Dallas for Marine Corps—isn't that right?"

"Mr. Tessmer: I object to that question.

"The Court: I believe I will sustain it."

The court refused to approve the bill as drawn and refused to certify that any further procedure was taken than that above set out. He says no grounds were assigned for the objection and

no motion for a mistrial was filed. He says that the matters set out in the bill are "present contentions of the defendant" and not facts taking place in the court room.

If the question had been asked as presented in appellant's bill, which the court did not approve, it would be very questionable. We must accept the bill with its qualification, in as much as appellant did not except to that qualification.

We are then confronted with a case in which a question was asked, objection was made, and same was sustained by the court. We must view appellant as being satisfied with the court's action at the time and the question of any irregularity may not be raised thereafter, certainly not in this court. Any other holding would be unfair to the trial court and would result in undue advantage after a jury's verdict, which we are not willing to sanction.

Appellant's plea was that of an alibi. The injured party identified him as one of the two men who robbed him. The jury's finding on this issue is conclusive.

Other matters set up in the appeal have been considered and we think that no reversible error appears in the record. The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant's motion for rehearing is devoted to his Bill of Exception No. 9, which was overruled without discussion in our original opinion.

Bill No. 9, as qualified by the trial judge, reflects that upon cross examination of appellant, he was asked:

"Q. And you are under indictment for another hi-jacking on the same night?"

Appellant objected to such question and the objection was sustained.

Appellant was then further examined, such examination, answers, objections and rulings thereon being as follows:

"Q. You have a hi-jacking pending in this court? A. At same time.

"Q. Another man, Mr. Earl? A. Both of them were together, if I remember correctly on that.

"Q. You are under indictment for robbery of Mr. Samuel T. Earl of $16.00 current money—?

"Mr. TESSMER: Your Honor.

"A. I was indicted for it.

"Mr. WADE: What's that?

"Mr. TESSMER: He is trying to impeach this witness by showing a mere charge.

"The COURT: Overrule you.

"Mr. TESSMER: Doesn't show completed.

"The COURT: Overrule you now; let him answer the question.

"A. Yes.

"Q. You are under indictment in this court in Case No. 6676-AB, Charge of Robbery with Firearms of Samuel T. Earl? A. I received indictment papers on those."

Appellant now contends that the evidence so adduced was objectionable because the details of the charge were shown— that the state did not confine its cross examination for impeachment purposes to proof that appellant was under another indictment for the offense of robbery.

An examination of the qualification to the bill above quoted discloses that the sole ground of objection made at the time was "He is trying to impeach this witness by showing a mere charge * * * Doesn't show completed."

Such objection was properly overruled. See 45 Tex. Jur. 236, Sec. 318; McCormick & Ray's Texas Law of Evidence, p. 393, Sec. 312.

The contention now raised—that the details of the offense were shown—is not raised by the bill, and is therefore not before us for consideration.

We remain convinced that reversible error is not shown.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.