**Bobby Joe YEAGIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39282.**

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

Rehearing Denied April 20, 1966.

Fred A. Carver, Joe B. Goodwin (on appeal only), Beaumont, for appellant.

W. C. Lindsay, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery; the punishment, 10 years.

The indictment alleged that appellant and two others "did unlawfully make an assault in and upon the person of Doris Grisham, and then and there by said assault and by violence to the said Doris Grisham, and by putting the said Doris Grisham in fear of life and bodily injury *and then and there by using and exhibiting a firearm, to-wit, a pistol*," did take from her person and possession without her consent Forty-Six Dollars current money of the United States with intent to deprive her of said property and to appropriate the same to their use and benefit.

After the jury had been selected and sworn to try the case, and after a portion of the indictment, including the firearms allegation, had been read to the jury, the assistant district attorney made an oral motion to dismiss the portion of the indictment that alleged firearms and elected to proceed to trial on the remaining portion.

The trial judge granted the state's motion to dismiss "that portion of the indictment alleging robbery by firearms," and "granted the election of the state to proceed to trial on the portion of the indictment that alleged simple robbery by assault and robbery by violence and robbery by putting in fear."

The trial court then instructed the jury to disregard the reading of the indictment which had theretofore taken place and directed the state to re-read the indictment omitting therefrom the words "and then and there by using and exhibiting a firearm, to-wit, a pistol."

The indictment, omitting the allegation as to firearms, being read to the jury, appellant chose not to enter a plea and the court entered a plea of not guilty for him.

The evidence offered by the state was to the effect that at about 10 P.M. appellant and his co-indictee, Charles Kervin Lowe, entered a drive-in grocery in Houston of which Doris Grisham was in sole charge. Lowe had a scarf over his face and a shotgun in his hand. Appellant had a white stocking over his face with eye holes cut out and had a knife. The two men ordered Doris Grisham into the storeroom and appellant took $46.00 in money out of the cash register.

Appellant's confession was found by the trial judge to have been voluntarily made and was admitted in evidence.

At the conclusion of the evidence, the trial judge submitted the case to the jury as a robbery by assault case, with no reference to firearms. The jury found appellant guilty as charged in the indictment and assessed his punishment at 10 years confinement in the penitentiary.

■ Appellant's first and most serious ground for reversal relates to the oral granting of the state's oral motion to dismiss the portion of the indictment alleging the "using and exhibiting of firearms, to-wit a pistol."

The formal bill of exception as qualified, in addition to the facts stated, reflects that the assistant district attorney in his voir dire examination of the jury panel stated that this was to be a trial of the defendant on a charge of robbery by firearms, to-wit, a shotgun and by the use of a knife; that the attorney for the state at no point

in the voir dire examination stated that he would not seek the death penalty; that no effort was made to qualify the individual jurors as to the death penalty, and that each side exercised 15 peremptory challenges (the maximum number allowed in capital cases).

Appellant contends that there was no effective dismissal of the portion of the indictment alleging the use of a pistol because of the absence of any written motion and of any entry in the court's minutes or recital in the judgment reflecting the court's consent.

He relies upon Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; Woods v. State, Tex.Cr.App., 211 S.W.2d 210; and Malley v. State, 125 Tex.Cr.R. 265, 69 S.W.2d 765.

Appellant's formal bill of exception certifies that the motions were made and were granted by the court and that the indictment as read to the jury, to which a plea of not guilty was entered for the defendant, contained no allegation as to the use of firearms.

Unlike Viley v. State, 92 Tex.Cr.R. 395, 244 S.W. 538, where the indictment charged the offense of robbery only by an assault with a pistol, the indictment herein alleged all phases of the statute defining robbery and further alleged "and then and there by using and exhibiting a firearm, to-wit, a pistol."

■ Even if the allegation as to the use of a pistol was not eliminated other than by the court's failure to submit robbery with firearms, proof that a shotgun and knife and not a pistol were used in the robbery would not constitute a fatal variance under the holdings of this court in Wiggington v. State, 153 Tex.Cr.R. 574, 223 S.W.2d 232; Gonzales v. State, 88 Tex.Cr.R. 248, 226 S.W. 405; Weaver v. State, 52 Tex.Cr.R. 11, 105 S.W. 189.

Appellant's remaining claim of error is the failure of the trial court to charge the

jury on the voluntary nature of the confession.

Appellant did not testify and offered no evidence before the jury raising an issue as to the voluntariness of the confession. The trial court heard the evidence and found the confession to have been voluntarily made, in accordance with the statute in effect at the time. The sufficiency of the evidence to support his findings is not challenged.

■ The trial court did not err in failing to submit the issue of voluntariness to the jury, there being no evidence before the jury raising such issue. 1 Branch's Ann.P.C. 2d Ed., Sec. 88.1, p. 96; Anderson v. State, Tex.Cr.App., 391 S.W.2d 732.

Washington v. State, Tex.Cr.App., 388 S.W.2d 200, is distinguishable upon the facts.

■ The judgment and sentence recite that appellant was adjudged guilty of Robbery by Firearms. Both are reformed so as to conform to the jury's verdict and the court's charge and to read "Robbery" instead of "Robbery by Firearms."

As reformed, the judgment is affirmed.