**John BRADLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39690.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Jerry Paquin, Seminole (Appointed on Appeal), for appellant.

Vernon D. Adcock, Lamesa, and Jim D. Vollers State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an out of time appeal from a conviction for robbery by assault with punishment assessed at life by virtue of two prior convictions alleged for enhancement under the provisions of Article 63, Vernon's Ann.P.C.

Such out of time appeal was granted as a result of an evidentiary hearing on September 30, 1969, in the convicting court on an application for a post conviction writ of habeas corpus under the provisions of Article 11.07, Vernon's Ann.C.C.P., 1967. The trial court found that the indigent appellant who was represented by court appointed counsel at his trial was denied the assistance of counsel on his original appeal. See Bradley v. State, Tex.Cr.App., 403 S.W.2d 154.

Acting in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824; Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 145; and Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146, the trial court properly afforded this appellant an out of time appeal without prior approval by this Court.

The appellate record reflects that the indictment alleged the capital offense of robbery by assault with a firearm in the first count thereof and alleged in the second and third paragraphs of the indictment

two prior non-capital felony convictions for enhancement. Clearly such prior non-capital felony convictions were unavailable to enhance the capital offense or primary offense charged in the first count of the indictment. See Articles 63 and 64, V.A.P.C.

Prior to the unitary 1965 trial which occurred before the effective date of the present Code of Criminal Procedure, the State, with the approval of the court, waived and abandoned the capital feature of the first count (the portion of the indictment alleging the use of a firearm). See Article 1408, V.A.P.C.

Relying upon Johnson and White v. State, Tex.Cr.App., 436 S.W.2d 906, and Baker v. State, Tex.Cr.App., 437 S.W.2d 825, the appellant urges that the two prior non-capital felony convictions alleged in the indictment cannot be used to enhance the punishment applicable to any included non-capital felony for which the accused may be convicted under the indictment alleging a capital offense.

In explicating the holding in Johnson and White v. State, supra, this Court in Baker v. State, supra, said:

"As far as the first count of the indictment herein is concerned, the rule applied as to the defendant Johnson, in Johnson and White v. State, supra, is applicable, our holding being that a prior conviction for a felony less than capital alleged in an indictment for a capital felony, such as armed robbery, (1) cannot be used to enhance the punishment for the primary offense (Couch v. State, 155 Tex.Cr.R. 585, 238 S.W.2d 198; Meador v. State, 161 Tex.Cr.R. 183, 275 S.W.2d 657; Urtado v. State, 167 Tex.Cr.R. 318, 319 S.W.2d 711), and (2) cannot be used to enhance the punishment applicable to any included non-capital felony for which the defendant may be convicted under the indictment alleging a capital offense.[1]

"1. To hold otherwise would permit allegations in an indictment for robbery with firearms to include allegations of prior convictions for rape, robbery with firearms, murder with malice or other capital offenses, to enhance the punishment under Art. 64 P.C. and also allegations of prior convictions for non-capital felonies to be used to enhance the punishment under Art. 62 or 63 P.C., in the event of a conviction under the indictment for a lesser included felony less than capital such as robbery, or assault with intent to rob."

The State vigorously, by brief and oral argument, contends the reversal of this otherwise errorless trial on the basis of Johnson and White decided after appellant's trial would result in an injustice; that another indictment exactly in the same form as the indictment upon which both parties announced ready and went to trial would now have to be sought from another grand jury, another trial had upon the same evidence including the appellant's written confession with the same likely result.

The State therefore urges our earnest re-consideration of Johnson and White and Baker. We shall do so.

5 Branch's Ann.P.C., 2d ed., Sec. 2569, reads as follows:

"An indictment for robbery is not bad for duplicity because in the same count with the allegations of ordinary robbery it is alleged that a firearm was used in the commission of the offense. *The use of a firearm or of a deadly weapon is but a circumstance of aggravation, and* must be alleged in order to authorize the infliction of the more severe penalty. *Robbery by firearms is not a separate offense, but the use or exhibition of a firearm or deadly weapon in the commission of robbery, when alleged and proven, authorizes the infliction of a more severe penalty than when an ordinary robbery is alleged.* Beaumont v. State, 1 App. 536 [533]; Green v. State, 66 Crim. 446, 147 S.W. 593 (overruling Murdock v. State, 52 Crim. 263, [262], 106 S.W. 374); Robinson v. State, 67 Crim. 79, 149 S.W. 186; Bell v. State, 77 Crim. 146, 177 S.W. 966; Lay v. State,

82 Crim. 202, 198 S.W. 291; Crouch v. State, 87 Crim. 115, 219 S.W. 1099; Aston v. State, 120 Crim. 534, 48 S.W.2d 292; Goston v. State, 126 Crim. 300, 71 S.W.2d 518; Keppler v. State, 133 Crim. 623, 113 S.W.2d 900 * * *." (emphasis supplied)

Section 2570 of the same authority reads:

"State's counsel may, with the consent of the court, when the case is called for trial or during the trial, dismiss or abandon that portion of the indictment which charges the use or exhibition of a firearm or deadly weapon. Weaver v. State, 52 Crim. 11, 105 S.W. 189; Ex parte Layman, 140 Crim. 531, 146 S.W. 2d 405, and cases cited; Woods v. State, 152 Crim. 131, 211 S.W.2d 210; Wigginton v. State, 153 Crim. 574, 223 S.W.2d 232; Hogue v. State, 155 Crim. 310, 234 S.W.2d 687." See also 50 Tex.Jur.2d, Rev. Robbery, Sec. 23, p. 178.

And where the capital feature of the indictment is waived the accusation becomes that of an ordinary felony or ordinary robbery. Hogue v. State, 155 Tex.Cr.R. 310, 234 S.W.2d 687; Wigginton v. State, 153 Tex.Cr.R. 574, 223 S.W.2d 232; Ex parte Layman, 140 Tex.Cr.R. 531, 146 S.W.2d 405. Under such circumstances the accused is not entitled to the number of peremptory challenges accorded an accused in a capital case, Hogue v. State, supra, nor to a special venire. Caballero v. State, 171 Tex.Cr.R. 133, 346 S.W.2d 343; 35 Tex. Jur.2d, Jury, Sec. 141, p. 205.

■ In the case at bar it would have been better practice to have pleaded robbery by assault with a firearm in the first count, charged the same offense as ordinary robbery in the second count followed by paragraphs alleging the prior non-capital felony convictions for enhancement.[1] The question presented is not, however, what would have been most desirable, but whether the action of enhancing punishment by virtue of two prior non-capital felony convictions after the State waived the firearms feature of the first count of the indictment with the approval of the court and no objection from the appellant constitutes reversible error.

There can be no question but what the State could have tried the case upon the first count as alleged as a capital felony case and sought the death penalty. There is also no question but what the State could have waived, as it did, the capital feature of the first count of the indictment, and tried the appellant on the amended first count alone for the ordinary

---

[1]. When confronted with a situation as in the case at bar the State, in order to leave all options open, may allege the capital offense of robbery by assault with a firearm in the first count, charge the same offense as a non-capital offense of robbery in the second count and allege the prior non-capital felony convictions in the succeeding paragraphs of the indictment for the purpose of enhancement in the event the second count of the indictment is used. Under such circumstances the State could waive and abandon the second count and the succeeding paragraphs of the indictment and if 15 days' written notice is given (See Article 1.15, V.A.C.C.P.) seek the death penalty under the first count of the indictment (See Article 1408, V.A.P.C.). Using the first count only the State could also waive and abandon the capital feature thereof and try the accused for the non-capital offense of robbery even though the evidence reflected that a firearm or deadly weapon was used. See Harris v. State, 172 Tex.Cr.R. 150, 354 S.W.2d 155; Garrett v. State, Tex.Cr. App., 434 S.W.2d 142. Using the first count alone the State may also waive the death penalty (See Smith v. State, Tex.Cr.App., 455 S.W.2d 748,) and still seek a conviction for robbery by assault with a firearm or other deadly weapon. The State could well choose to utilize only the second count of the indictment waiving the first count and the paragraphs of the indictment alleging prior convictions for enhancement, or the State could decide to use the second count in conjunction with the prior convictions alleged for enhancement of punishment under Article 63, V.A.P.C., or under Article 62, V.A.P.C., if the nature of the prior convictions permitted.

offense of robbery. What Johnson and White would prohibit is the use of the prior non-capital felony convictions for enhancement under the last described situation, even though by the indictment's amendment the primary offense charged became a non-capital offense. If the State is determined to seek enhancement under the recidivist statutes, then Johnson and White would require that it return to the grand jury and seek an entirely new indictment alleging the same offense but absent (this time) the allegations as to the use of a firearm and alleging prior convictions for enhancement. Such indictment would be the same as the former indictment following a permissible amendment, except that Johnson and White forbids the use of prior convictions for enhancement where the primary offense charged in one count was once a capital offense by virtue of certain allegations. In metropolitan areas where grand juries meet almost continuously, no great problem is presented but where sparsely populated counties are concerned, the delay may be for several months with little if any benefit to the accused.

To require the State when confronted with an indictment as in the case at bar to use such procedure in order to utilize the prior convictions for enhancement or else face reversal or deprivation of enhancement of punishment does not seem logical, particularly where the defendant makes no objection.

We therefore conclude that reversible error is not reflected though the form of the pleading used and procedure utilized is not commended. To the extent of any conflict, Johnson and White and Baker must of necessity be overruled. It should be observed, however, that Johnson and White may be distinguished by the fact that the court first denied the appellant's motion to quash the prior convictions alleged for enhancement and then approved the State's waiver or abandonment of the capital feature of the first count of the indictment. Such action being taken, in effect over the objection of the appellant.

Baker may not be so distinguished, but the action taken there is sustainable upon another ground as is indicated in the concurring opinion. See Parasco v. State, 165 Tex.Cr.R. 547, 309 S.W.2d 465. We reassert the principle of reversing and remanding to the trial court for assessment of punishment where the only error relates to the issue of punishment and such procedure is possible.

Finding no reversible error, the judgment is affirmed.