(No. 14564.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARSHALL JORDAN *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*when an indictment for robbery of money is sufficient.* An indictment for robbery need not describe the kind of money taken, and an allegation that the defendants made an assault upon William Merl and did steal from his person "the money of the said William Merl, to-wit, four dollars of good and lawful money of the United States of America and of the value of four dollars," is sufficient.

2. SAME—*taking of money after overcoming adversary in fight is robbery.* If as the result of a quarrel a fight occurs in which one of the parties is overcome, and the other then, without having formed the intention before the fight began, takes the money of his adversary, the offense of robbery is committed.

3. SAME—*what statement of co-defendant out of court is admissible for impeachment.* Where two defendants are being tried for the crime of robbery and one of them testifies that no money was taken but that the assault consisted merely of a fight between the witness and the party alleged to have been robbed, a contrary statement made out of court to the State's attorney, to the effect that the other defendant made the assault while the witness was a block away, is admissible for the purpose of impeachment.

4. SAME—*when instructions defining accessory before fact are proper in trial for robbery.* Where two defendants are being tried for robbery and the evidence tends to show that one of them committed the assault while the other took money from the possession of the party assaulted, it is proper to give instructions defining an

accessory before the fact and informing the jury that if either of the defendants is guilty and the other aided, abetted or assisted in the commission of the crime, the defendant so aiding, abetting and assisting is, in law, guilty as principal.

WRIT OF ERROR to the City Court of West Frankfort; the Hon. WILLIAM G. MITCHELL, Judge, presiding.

JOHN E. CARR, GEORGE SAWYER, H. R. DIAL, and WILLIAM ROE, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROY C. MARTIN, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Marshall Jordan and George Carter prosecute this writ of error to reverse their conviction of robbery.

It is claimed that the indictment does not sufficiently describe the property taken or aver its ownership. The indictment consists of two counts, each of which charges that the defendants made an assault upon William Merl, and did steal, take and carry away from the person of said William Merl "the money of the said William Merl, to-wit, four dollars of good and lawful money of the United States of America and of the value of four dollars." Money in the possession of a person may properly be alleged to be the goods and chattels of that person, (*Collins* v. *People,* 39 Ill. 233,) and the allegation that the money taken was the money of William Merl is an averment that it was Merl's property. The statute declares that robbery is the felonious and violent taking of money or goods or other valuable thing from another by force or intimidation. The Criminal Code provides in section 6 of division 11 that every indictment shall be deemed sufficiently technical which states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury, and section 9 of di-

vision 11 provides that no motion in arrest of judgment or writ of error will be sustained for any matter not affecting the real merits of the offense charged in the indictment. The language of the statute descriptive of the offense of robbery includes money, and the gist of the offense is the force and intimidation used in the taking. Whether or not, under the strict rules of pleading which prevailed at common law, it was necessary in the indictment to describe the kind of money taken, that rule has no application under our statute. Each count in this indictment charges the offense in the language of the statute so plainly that its nature can be easily understood, and the objection made does not affect the real merits of the offense charged. It was therefore not error to overrule the motion to quash.

William Merl was a coal miner, thirty-nine years old, who lived at Benton, Illinois. He went to West Frankfort in the forenoon of September 24, 1921, and after getting his dinner at a restaurant went to the house of Amelia Schittek, where he remained for about fifteen minutes and got a drink of something which he did not know the name of, and also a bottle of what he called "dry beer." While he was there the plaintiffs in error, young men who were twenty-two years old, came in, together with three other young men. Carter asked Merl, according to the latter's testimony, for a dollar, but Merl refused his request, left the building and proceeded east along Dewey street. The plaintiffs in error followed him. Jordan overtook him and caught him by the coat. Merl jerked away and ran, Jordan following him. Jordan overtook Merl near the corner of Jackson street and knocked him down. Carter, who was following, came up and also assaulted and beat Merl. Carter took four one-dollar bills from Merl's pocket and left his pocket turned inside out. The defendants both denied taking any money from Merl. Carter testified that in front of Mrs. Schittek's house Merl struck Jordan in the mouth and started to run and Jordan pursued him, but there was

no evidence of any quarrel or demonstration of either Jordan or Merl against the other except the blow in the mouth, which Merl denied and Jordan did not mention. Carter testified that Merl and Jordan first had a fight on Dewey street, about half a block from Jackson street, and that Carter caught them there and separated them; that Merl ran and Jordan caught him again at Jackson street, but Carter took no part in that fight. Other witnesses living in the neighborhood saw the fight, and from all the testimony it is clear that Merl was knocked down by Jordan and both of the defendants participated in beating him, and that upon his getting up his left-hand trousers' pocket was turned inside out. There was sufficient evidence on the part of the prosecution to justify the verdict, and it was for the jury to say which witnesses were entitled to credence.

It is claimed on the part of the plaintiffs in error that there is no evidence that the attack on Merl was made for the purpose of robbery but that his assault upon Jordan was the cause of the subsequent fight; that the fight was not for the purpose of taking Merl's money away from him, but that if any money was taken, the taking was an afterthought and was accomplished without any violence and without force or intimidation. The fact that the defendant had been reduced to a state of physical non-resistance before his money was taken does not relieve the crime of the quality constituting robbery. If, as the result of a quarrel, a fight occurs in which one of the parties is overcome, and the other then, without having formed the intention before the fight began, takes the money of the vanquished one, the offense committed is robbery.

On behalf of Jordan it is contended that he did not participate in Carter's taking of the money and had no intention of robbing Merl. He testified that there was no money taken; that Carter was not present at the assault upon Merl near the corner of Jackson and Dewey streets. He was asked whether he did not state to the State's attor-

ney, in the presence of the sheriff, that Carter was beating and fighting Merl while Jordan was a block away, and if he did not further say that he talked with Carter after the fight was over and Carter told him that he had taken four dollars out of Merl's pocket. Jordan denied making the statements, and the sheriff in rebuttal testified that he did make them. It was a question for the jury to what extent each of the defendants participated in each of the acts testified to, and their verdict cannot be disturbed on the ground that it is contrary to the evidence.

Complaint is made on behalf of Carter of the admission in evidence of Jordan's statement to the State's attorney. The evidence was clearly admissible for the purpose of impeachment. Jordan testified that Carter was not present and no money was taken, and his contradictory statement out of court was admissible to impeach his credibility as a witness.

Objection is also taken to two instructions given for the People, which gave the jury the statutory definition of an accessory before the fact and informed them that if either of the defendants was guilty of the offense charged in the indictment and the other aided, abetted or assisted in the commission of the crime, the defendant so aiding, abetting and assisting was in law guilty as principal. It is insisted that there is no evidence in the record on which to base these instructions. If the offense charged was committed, the evidence shows that it was Carter who actually took the money from the possession of Merl, and it was proper to inform the jury that, under those circumstances, if the other defendant was aiding and abetting he was equally guilty with the defendant who actually took the money.

The judgment of the city court will be affirmed.

*Judgment affirmed.*