RAYMOND B. TURNER V. THE STATE.

No. 23492. Delivered November 27, 1946.
Rehearing Denied January 29, 1947.

*McIntosh & Duncan,* of Gilmer, and *Harvey P. Shead,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery by assault and assessed a penalty of five years, from which he appeals.

The facts produced by the State show that appellant, at a filling station at Gladewater, Texas, at night time, saw the complaining witness with a large sum of money in his hand; that such witness soon left in an automobile going towards Gilmer in Upshur County; that appellant soon followed the complaining witness, Robison, and coming up with him, stopped him and demanded from him the sum of $25.00 as damages, claiming that Robinson had backed into appellant's car. An argument ensued and finally Robinson was jerked out of his car by appellant and others and knocked down, and about $250.00 were taken from him by force by appellant and his friends. Appellant's version of the transaction was entirely different, his testimony showing that in Longview earlier in the night, at a tourist camp, he had heard a lady cry for help, saying that she had been robbed, and that soon thereafter he saw Robinson come out of this lady's cabin, jump in his car, back the same into appellant's car, damaging the fender, and then drive rapidly away; that appellant pursued Robinson until they both came into the filling station above referred to, where he saw Robinson buy some gasoline, but he did not observe any roll of money; that Robinson left going towards Gilmer; that appellant and some boys whom he had picked up followed Robinson, overtook him, and appellant demanded pay for the damage to his automobile; that Robinson agreed to pay but wanted to go to Gilmer, to which appellant would not agree and demanded an immediate settlement, whereupon Robinson started away and appellant grabbed him,

and Robinson struck at appellant and they engaged in a fight in which Robinson was finally knocked down and said he "had enough"; that no one took any money from Robinson at such time.

It will thus be seen that a conflict in the evidence was presented to the jury, who decided the same against appellant's version thereof.

There are no bills of exception in the record save those leveled at the trial court's charge. The main objection thereto is directed to Paragraph 3 of the charge which reads as follows:

"You are further instructed that if the said Clifford Robinson was indebted to the defendant, by reason of damage to defendant's automobile, he would not have the right to extort money in payment thereof, if he did by assault, violence, and by putting the said Clifford Robinson in fear of life or bodily injury."

At the time this charge was prepared the trial court doubtless had before it an opinion in a recent case decided by this court on January 2, 1946, in Henderson v. State, 192 S. W. (2d) 446, in which it was said:

"The court, in his main charge to the jury, instructed them as to the law applicable to the case, and included therein the following instruction: 'The fact that the defendant claimed that said Condon was to blame in damaging his car would not give the defendant the right to extort money in payment thereof by assault or by putting said Condon in fear of life or bodily injury.'

"Appellant objected thereto on the ground that it was not the law applicable to the case; that it was an undue comment on the weight of the evidence; that it calls the jury's attention to the fact that the defendant attempted to and did extort money for damages by putting Condon in fear of life or bodily injury. The court overruled the objection with the explanation that appellant's attorney claimed that he had a right to assess the damages to his car and to collect the money by force, and that the court deemed it proper to advise the jury of what the law was on the subject, to which ruling appellant excepted. The trial court no doubt followed the instruction in the case of Fannin v. State, 51 Tex. Cr. R. 41, 100 S. W. 916, 10 L. R. A., N. S., 744, 123 Am. St. Rep. 874, which is almost in identical language as the one here complained of. The objection in that case, as in

the present instance, was that it did not state the law; that the contrary is the law. The trial court evidently deemed it necessary to advise the jury what the law was under the particular facts of this case. Whether or not the injured party ran his automobile into that of the appellant and injured it is not of any moment, since appellant was not legally justified in collecting unliquidated damages by assault or violence or by putting Condon in fear of life or bodily injury. To hold otherwise would be establishing a dangerous doctrine, since it would authorize the accused not only to decide his own injury or damage but to enforce the collection thereof by force and violence. This is contrary to the policy of our form of government. We do not think that the charge in question is any comment on the evidence but is the pronouncement of the law pertaining to the particular facts of this case."

The Henderson case, supra, is so clearly in point that we have quoted at length herein. In its reasoning, it closely parallels the objections and exceptions urged against this phase of the present case, and seems to be decisive thereof on that point.

A further objection to such charge relates to the failure of the trial court to charge on appellant's affirmative defense. We have searched the record and confess that we can find but one defense presented thereby, and that is "not guilty." Under all of appellant's own testimony, as well as that of his witnesses, it is shown that he had followed Robinson, the injured complainant, from Longview to Gladewater and then into Upshur, a neighboring county, for the purpose of obtaining pay from him for a damaged car fender; that upon coming up with Robinson at a filling station at Gladewater, he said nothing, but again followed the complainant's car some few miles into Upshur County, then stopped the same and demanded payment for such damages; that upon a denial of the damages, appellant and one of his companions pulled Robinson out of his car, who then went and looked at appellant's car and said, "If you will go to Gilmer, I will pay for it." Appellant then told him "that he had driven far enough, and the first thing I knowed, the man took a notion to run, and when he did, I grabbed hold of him to stop him, and the man hit me under the eye. That was Robinson who hit me; he passed the first lick. When he hit me, I done my best, and I fought with him and we had a fight, and I had hit him and knocked him down, but I never at any time put my hand in his pockets. * * * I did not rob him, or have any intention of robbing him."

Under these presented facts from appellant's standpoint, it seems to us that the simple plea of not guilty covers the only defense embodied in the testimony shown herein.

It is contended that if the facts show a taking of Robinson's money, the same would not constitute the offense of robbery but would be theft from the person, there not being shown any assault with intent to rob, but merely a fight in which Robinson was worsted, and thereafter his money was taken, if at all. The case of Alaniz v. State, 177 S. W. (2d) 965, is of benefit in answer to such contention. It is there said:

"If appellant and his companions, without a previous intention to take Laweller's money, assaulted him because of some insulting remark regarding Mexican soldiers and reduced him to a state of unconsciousness and then took his money with the fraudulent intent to appropriate it to their own use the offense is robbery."

In People v. Jordan et al, 303 Ill. 316, 135 N. E. 729, 730, the Supreme Court of Illinois, said:

"If, as a result of a quarrel, a fight occurs, in which one of the parties is overcome, and the other then, without having formed the intention before the fight began, takes the money of the vanquished one, the offense committed is robbery."

The matter of the robbery was submitted to the jury under proper instructions, and same was denied by appellant, as well as affirmed by witnesses for the State. The jury has settled this controversy against appellant, and we see no reason to set their decision aside.

The judgment is accordingly affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The opinion in Henderson v. State, 192 S. W. (2d) 446 referred to and quoted from in our original opinion appears to be a complete answer to the matters urged originally and in appellant's motion for rehearing.

We have again examined the court's charge, and especially paragraph three thereof. It does not occur to us to be a charge upon the weight of the evidence. It seems clear therefrom that

the jury could not have failed to understand that "extort" as used therein meant to take money by assault and violence or by putting the victim in fear of life or bodily injury.

If appellant had been charged with assault to murder or aggravated assault some of the instructions suggested by appellant in his exceptions to the court's charge might have been pertinent, but we fail to see how they would be applicable under facts here present. Appellant and his witnesses say that he and Robinson engaged in a fight, but that no money was taken from Robinson. On the other hand, Robinson says he was worsted in a fight and that $250.00 was taken from him. It is not a question as to how the fight started, or who started it, but did appellant take the money from Robinson as a result of force and violence.

The motion for rehearing is overruled.