THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE SKIPPER, Defendant-Appellant.

First District (3rd Division)   No. 86—0046

Opinion filed December 7, 1988.—Supplemental opinion filed January 25, 1989.

Daniel J. Stohr, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Bonnie Meyer Sloan, and Frank J. Savaiano, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Willie Skipper, was convicted of aggravated battery and sentenced to five years in the Illinois Department of Corrections. On appeal, defendant argues that his sixth and fourteenth amendment rights to an impartial jury were violated by the trial court's refusal to *voir dire* the prospective jurors as to any predisposition regarding a verdict of "not guilty by reason of self-defense." We affirm.

The testimony at trial was conflicting. According to the defense, defendant was walking to the drugstore for his wife on the morning of March 17, 1984. Defendant encountered the complainant, Claude. Claude, who had a bottle of whiskey in his hand, demanded that defendant give him money to buy another drink. Claude also demanded that defendant buy him a newspaper. Defendant informed Claude that he did not have money to buy a drink but that he would buy Claude a newspaper. When defendant bought the newspaper, Claude accused defendant of lying about how much money defendant had. Defendant explained to Claude that the money belonged to defendant's wife and not defendant. When defendant gave the newspaper to Claude, Claude rolled up the newspaper and hit defendant across the nose and face. Defendant then pulled out a knife and chased Claude. When defendant caught up with Claude, Claude also had a knife. The two men began to struggle, the knife was knocked out of Claude's hand and that is how Claude was cut.

According to the State, on the morning of March 18, 1984, defendant and Claude approached a newsstand wherein defendant purchased a newspaper and handed it to Claude. When defendant paid for the newspaper, Claude folded the paper and slapped defendant's face with the paper. Defendant took out a knife and Claude ran away. Defendant chased Claude and sliced the rear portion of Claude's neck with the knife. The two men wrestled, Claude grabbed the knife from defendant and cut defendant with it.

Prior to trial, defendant sought to ask a supplemental *voir dire* question regarding the prospective jurors' possible prejudice against a

self-defense instruction. Defendant's request was denied. Following trial, the jury found defendant guilty of aggravated battery. This appeal followed.

Defendant argues that the trial court erred in refusing to allow him to *voir dire* prospective jurors regarding any possible prejudice against a verdict of not guilty by reason of self-defense. Defendant further argues that because he was not allowed to *voir dire* the jurors on this issue, he was denied his constitutional right to an impartial jury and his conviction must be reversed. We disagree.

■ It is well settled that although a defendant is entitled to a trial by an impartial jury, the court has the right to reasonably regulate the manner in which jurors are selected. (*People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 426, 458 N.E.2d 504, 509.) Moreover, Supreme Court Rule 234, which governs the conduct of *voir dire* examination, provides in part:

> "The court shall conduct the *voir dire* examination of prospective jurors by putting to them questions it thinks appropriate touching their qualifications to serve as jurors in the case on trial. The court may permit the parties to submit additional questions to it for further inquiry if it thinks they are appropriate ***. Questions shall not directly or indirectly concern matters of law or instructions." (107 Ill. 2d R. 234.)

Thus, it is within the trial court's discretion to ask supplemental questions as well as prohibit any questions which address matters of law or instruction.

■ This court has had several occasions to address the issue of whether a propounded "self-defense" question on *voir dire* touches upon a matter of law or instruction. When faced with this issue, we have consistently held that Rule 234 prohibits questions during *voir dire* which concern the theory of self-defense. See *People v. Kindelan* (1986), 150 Ill. App. 3d 818, 502 N.E.2d 422; *People v. Muhammad* (1985), 132 Ill. App. 901, 478 N.E.2d 457; *People v. Kendricks* (1984), 121 Ill. App. 3d 442, 459 N.E.2d 1137; *People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 458 N.E.2d 504; *People v. Bradley* (1981), 97 Ill. App. 3d 1100, 424 N.E.2d 33.

Defendant, however, relies on the cases of *People v. Stack* (1986), 112 Ill. 2d 301, 493 N.E.2d 339, and *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062, to persuade us to find that a defendant is entitled to question a juror's predisposition to the defense of self-defense. We find defendant's reliance on these cases misplaced. First of all, *Stack* specifically addressed the defense of legal insanity, a defense that has consistently been held to be "a defense which is known to be

subject to bias or prejudice," therefore entitling a defendant to explore any prejudices of a prospective juror on *voir dire*. Moreover in *Zehr*, the court was concerned with the jurors knowledge that "a defendant is presumed innocent, that he is not required to offer any evidence in his own behalf, that he must be proved guilty beyond a reasonable doubt, and that his failure to testify in his own behalf cannot be held against him." (*Zehr*, 103 Ill. 2d at 477, 469 N.E.2d at 1064.) The court further stated that "[e]ach of these questions goes to the heart of a particular bias or prejudice which would deprive defendant of his right to a fair and impartial jury." 103 Ill. 2d at 477, 469 N.E.2d at 1064.

■ Despite defendant's arguments, not only does this case not propose a controversial issue such as insanity, it does not involve the *Zehr* court's concern that a jury be well aware of a defendant's presumption of innocence in a criminal trial. As the State correctly argues, allowing defendant to question the prospective jurors regarding any predisposition to a self-defense claim goes to an ultimate question of fact and would serve no purpose other than to improperly attempt to preeducate and indoctrinate the jurors as to defendant's theory of the case. *People v. Phillips* (1981), 99 Ill. App. 3d 362, 369, 425 N.E.2d 1040, 1046.

Thus, we find no argument advanced by defendant to persuade us to depart from our numerous holdings that a trial court's refusal to allow a defendant to question a prospective juror during *voir dire* does not violate that defendant's right to a fair and impartial trial.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.

## SUPPLEMENTAL OPINION

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Willie Skipper, was granted leave to raise additional issues and leave to cite supplemental authority. We therefore file this supplemental opinion to address the additional issues raised by defendant.

In defendant's supplemental brief, defendant argues that (1) the jury instructions were defective and (2) the trial court erred in not submitting four of defendant's instructions to the jury. We affirm the trial court on both of these issues.

In support of defendant's argument that the jury was improperly instructed on the elements of aggravated battery, defendant relies on *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141. In *People v. Reddick*, the supreme court held that when the IPI voluntary manslaughter instruction and the instruction for murder are read together, they erroneously state the burdens of proof on the issues of whether a defendant has acted under either intense passion or has acted under the unreasonable belief that his action was justified. (123 Ill. 2d at 194, 526 N.E.2d at 145.) This holding was extended to the lesser included offense of aggravated battery. 123 Ill. 2d at 202, 526 N.E.2d at 148-49.

In *Reddick*, the court stated that the proof of a mental state associated with manslaughter is like an affirmative defense. Therefore, a defendant must produce enough evidence to put the defense in issue. Once this is accomplished, the burden then shifts to the State to disprove the mitigating mental conditions of voluntary manslaughter beyond a reasonable doubt. (123 Ill. 2d at 195-97, 526 N.E.2d at 145-46.) Thus, in the instant case, defendant was required to produce enough evidence to support his belief that his acts directed toward the victim were justified. At that point, the burden shifted back to the State to prove that defendant had no such belief beyond a reasonable doubt.

According to defendant's testimony, the victim, Claude, hit defendant across the face with a newspaper. Defendant pulled out a knife and chased Claude. When defendant caught up with Claude, Claude also had a knife. The two men struggled, and when the knife was knocked out of Claude's hand, Claude was cut. Defendant was acquitted of attempted murder and found guilty of aggravated battery. No evidence was adduced indicating that Claude threatened defendant's life when he hit defendant across the face with the newspaper. Moreover, no evidence was adduced which would have given defendant a reasonable belief that his pulling out a knife and chasing Claude after being hit with a newspaper was a justifiable use of deadly force. Any right of defendant to defend himself ended when Claude ran away. At that point, there was no need for defendant to chase Claude and thereby use deadly force. As such, this testimony is insufficient, standing alone, to substantiate a finding of not guilty as urged by defendant.

Thus, in reliance on this court's decision in *People v. Carter* (1988), 177 Ill. App. 3d 593, we find that if any error existed in the given instructions, it was harmless beyond a reasonable doubt. Moreover as the supreme court stated in *People v. Fierer*, "[i]n order for

an alleged error in instructions to be considered harmless, it must be demonstrated that the result of a trial would not have been different if the proper instruction had been given." (*People v. Fierer* (1988), 124 Ill. 2d 176, 187, 529 N.E.2d 972, 976 (1988).) Based upon our reading of the record, we do not find that the result would have differed. Furthermore, we conclude that any error that may have occurred from the court's failure to give the instructions tendered by defendant was harmless where the evidence was clear and convincing such that the jury's verdict could not have been different. See *People v. Bailey* (1986), 141 Ill. App. 3d 1090, 1104, 490 N.E.2d 1334, 1344.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and WHITE, JJ., concur.