THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARVIN A. FLOWERS, Defendant-Appellant.

First District (1st Division)   No. 1—86—2441

Opinion and supplemental opinion upon rehearing
filed December 18, 1989.

Paul Biebel, Acting Public Defender, and Randolph N. Stone, Public Defender, both of Chicago (Robert P. Isaacson, Assistant Public Defender, and James B. Haddad, of Northwestern University School of Law, of counsel), for appellant.

Richard M. Daley and Cecil A. Partee, State's Attorneys, both of Chicago (Kenneth T. McCurry, John A. Gasiorowski, Susan J. Crane, Inge Fryklund, and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

After a jury trial, defendant, Marvin Flowers, was convicted of murder, armed robbery and armed violence and sentenced to concurrent prison terms of 40 years for murder and 15 years for armed robbery. In a previous order issued pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), we affirmed defendant's conviction. Defendant now appeals from the dismissal of his petition which sought relief under

the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*).

The evidence adduced at trial was reported at length in our prior order affirming defendant's conviction and will not be repeated here. Suffice it to say that testimonial and physical evidence linked defendant to the scene where the victim was robbed and beaten.

According to police, defendant gave two accounts, first he told them that as he entered the victim's store, he saw two men beating the victim. He further stated that the pair threatened to kill him and his girl friend if he did not put his fingerprints on the bat and gun used to assault the victim. He also claimed to have driven the victim's car away from the scene under duress. However, after he failed to explain how this could be possible when he alone was observed driving from the scene in the victim's car and it was he who was found in possession of the gun, defendant changed his story. He then claimed that the victim had attacked him, initiating a fight between them. When the victim reached for a weapon, defendant grabbed a nearby baseball bat and struck the victim several times. Realizing that the victim would not pay the money which he owed him, defendant took cash and property from the store, loaded the items into the victim's car and drove away.

The jury was given pattern jury instructions on the offenses of murder and voluntary manslaughter (belief of justification). (Illinois Pattern Jury Instructions, Criminal, Nos. 7.02, 7.06 (2d ed. 1981) (hereinafter IPI Criminal 2d Nos. 7.02, 7.06).) At trial, defendant neither objected to these instructions nor offered alternatives.

After deliberation, the jury signed verdict forms finding defendant guilty of both murder and voluntary manslaughter. The trial court instructed the jury that voluntary manslaughter was a lesser included offense of murder, that guilty verdicts for both offenses would not be accepted, and that they were to identify which of the two verdict forms actually reflected their determination of guilt. Thereafter, the jury returned a guilty verdict for murder.

Among the issues raised and disposed of adversely to defendant on his direct appeal were the contentions that the trial court erred in refusing to enter judgment on the voluntary manslaughter verdict where the jury returned guilty verdicts of both murder and voluntary manslaughter and that the trial court erred in its oral instruction to the jury.

Defendant subsequently filed the instant post-conviction petition seeking relief by contending that fundamental fairness mandated the relaxation of *res judicata* principles because certain appellate court

decisions indicated that the affirmance of his conviction or sentence was improper, and that the appeal of a factually similar case, *i.e.*, *People v. Almo* (1984), 123 Ill. App. 3d 406, 462 N.E.2d 835, was then pending appeal in the supreme court.[1] In response, the trial court removed the post-conviction petition from its call pending the resolution of *Almo*. However, in *People v. Almo* (1985), 108 Ill. 2d 54, 483 N.E.2d 203, the supreme court ruled adversely to defendant, holding that the trial court was not required to enter judgment on voluntary manslaughter where the jury presents verdicts of both murder and voluntary manslaughter and that it is proper procedure for the trial court to orally instruct the jury concerning lesser included offenses in the manner done in the instant case. Acknowledging that *Almo* was resolved against him, defendant filed a supplemental petition alleging that his petition for post-conviction relief was nonetheless meritorious. The trial court dismissed the petition.

In appealing this dismissal, defendant contends that the trial court violated double jeopardy and collateral estoppel protections when it rejected the jury's verdict of voluntary manslaughter and ordered further deliberations and that the trial court's inherently contradictory and confusing instructions denied him due process of law.[2]

While the instant appeal was pending before this court, the supreme court rendered its decision in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141, and we allowed defendant's request to file such decision as additional authority. Our review of this decision satisfies us that the holding of *Reddick* is dispositive.

In *Reddick*, the supreme court held that in cases where, as here, the accused is charged with murder and contends that his acts, if unjustified, were committed with either an unreasonable belief of justification or as the result of intense provocation, the IPI instructions on murder and voluntary manslaughter, *i.e.*, IPI Criminal 2d Nos. 7.02 and 7.06, incorrectly set forth the State's burden of proof. (*Reddick*, 123 Ill. 2d at 197, 526 N.E.2d at 146.) Moreover, it noted that:

> "[C]ertain instructions, such as the burden of proof and elements of the offense, are essential to a fair trial and that the failure to give such instructions constitutes grave error when, viewing the record as a whole, it appears that the jury was not

---

[1] In his petition defendant also contended that he was denied sixth and fourteenth amendment rights by the prosecutor's death-qualification of the jury when he did not intend to seek the death penalty. Because we have determined that this matter must be retried, the issue of death-qualification will not be addressed.

[2] This issue of death-qualifying the jury was also raised.

apprised of the People's burden of proof." *Reddick*, 123 Ill. 2d at 198, 526 N.E.2d at 147.

In a similar case, the United States Supreme Court proscribed instructions, which by the use of a presumption, relieved the State of its burden of persuasion as beyond a reasonable doubt on an essential element of the offense charged. (*Francis v. Franklin* (1985), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965.) There, the court noted that it is axiomatic that due process has been violated if a conviction is not based on proof beyond a reasonable doubt of every fact necessary to constitute the crime charged and that the failure to correctly instruct the jury of the State's burden of proof calls the integrity of the fact-finding process at the accused's trial into question. *Francis*, 471 U.S. at 313, 85 L. Ed. 2d at 352-53, 105 S. Ct. at 1970.

In *Reddick*, the supreme court noticed the instructional error, although neither defendant raised the issue before the trial court and one of them failed to raise the matter on appeal. (*Reddick*, 123 Ill. 2d at 198, 526 N.E.2d at 147.) The question whether the error was of sufficient gravity to relax the principles of *res judicata* where, as here, defendant's conviction had become final prior to the issuance of the *Reddick* decision was not considered by the court.

In *Yates v. Aiken* (1988), 484 U.S. 211, 98 L. Ed. 2d 546, 108 S. Ct. 534, however, the United States Supreme Court gave retroactive effect to its decision in *Francis* even though the petitioner's conviction had become final prior to, but where his collateral attack was pending at the time of the announcement of the *Francis* decision. Because the Supreme Court viewed the principle enunciated in *Francis* to be so fundamental to the concept of due process, it considered the rule of *Francis* to be an application of principles of law which were well settled at the time of the petitioner's conviction. The decision in *Francis* was not viewed as creating a new principle of law which would be appliable only to convictions which had not yet become final; accordingly, the rule of *Francis* was applied in a pending collateral attack. *Yates*, 484 U.S. at 214-17, 98 L. Ed. 2d at 552-54, 108 S. Ct. at 536-37.

■ Addressing the propriety of applying the rule of *Reddick*, we note that our supreme court unequivocally held that giving the pattern jury instructions on murder and voluntary manslaughter in circumstances identical to those in the instant case failed to correctly set the State's burden of proof and constituted grave, nonwaivable error. Thus, the court recognized the fundamental impact on the fact-finding process resulting from the use of such instructions. Moreover, the rule enunciated in *Reddick* was clearly predicated upon well-settled princi-

ples of law. Consequently, although defendant's conviction was final prior to the issuance of the *Reddick* decision, we conclude that the rule of *Reddick* should be applied to defendant's pending collateral attack on his conviction. (*Yates*, 484 U.S. 211, 98 L. Ed. 2d 546, 108 S. Ct. 534. Compare *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878.) This is particularly appropriate in the instant case where the jury's confusion was exhibited by its return of guilty verdicts of both offenses. Although the trial court instructed the jury concerning the law applicable to cases where the greater offense and a lesser included offense are charged, these instructions did not address the failure of the written instructions to set forth the State's burden of proof. Applying the rule of *Reddick*, defendant is entitled to a new trial on the murder charge.

As to defendant's armed robbery conviction, defendant concedes, and we agree, that the *Reddick* murder instruction error provides no basis for overturning defendant's armed robbery conviction and 15-year sentence. Nonetheless, defendant argues that we should reverse defendant's armed robbery conviction because he was denied his sixth and fourteenth amendment right to an impartial jury selected from a representative cross-section of the community. His claim rests on his assertion that the State death-qualified ("Witherspooned") the jury without any intent to seek the death penalty.

In brief, defendant relies on the following evidence as demonstrating the State's intent in this regard: Statistics show that the particular trial judge had never previously imposed a death penalty where a defendant had elected sentencing by the trial judge; the prosecutor admitted that his office "Witherspooned" the jury in every felony murder case; the lead prosecutor admitted that he had a preplanned vacation on the next court date following the date the jury returned its verdict; the prosecutor ultimately did not seek the death penalty because of the accused's lack of a prior criminal record; and the facts at trial were sufficient to raise the issue of voluntary manslaughter.

Although defendant failed to raise this contention on direct appeal, defendant argues that the issue is not waived on collateral review because certain studies upon which he relies and certain admissions by the prosecutor were not obtained until after defendant's trial and direct appeal. We need not determine whether defendant has waived this issue or has presented sufficient evidence of the State's intent with regard to the death penalty because we do not believe that defendant has provided a basis for a constitutional violation. The United States Supreme Court has stated that the fair–cross-section

requirement applies to venires and not to petit juries and that "Witherspoon excludables," based upon studies similar to those relied upon by defendant here, are not a distinctive group for cross-section purposes. (*Buchanan v. Kentucky* (1987), 483 U.S. 402, 97 L. Ed. 2d 336, 107 S. Ct. 2906; *Lockhart v. McCree* (1986), 476 U.S. 162, 90 L. Ed. 2d 137, 106 S. Ct. 1758.) The Supreme Court has also rejected the claim that the impartial-jury requirement demands a balancing of jurors with different predilections and has stated that "the Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury." *Buchanan*, 483 U.S. at 417, 420, 97 L. Ed. 2d at 351, 354, 107 S. Ct. at 2914, 2916; *Lockhart*, 476 U.S. at 178, 184, 90 L. Ed. 2d at 151, 154-55, 106 S. Ct. at 1767, 1770.

For the foregoing reasons, we affirm as to defendant's armed robbery conviction and reverse and remand for a new trial as to defendant's murder conviction.

Affirmed in part; vacated in part and remanded.

CAMPBELL* and O'CONNOR, JJ., concur.

## SUPPLEMENTAL OPINION UPON REHEARING

JUSTICE BUCKLEY delivered the opinion of the court:

In granting the State's petition for rehearing, we granted the State leave to raise an additional issue of whether the *Reddick* error was harmless in light of the felony-murder charge. We file this supplemental opinion to address this issue.

■ On rehearing, the State argues that we erred in vacating defendant's murder conviction because the *Reddick* murder and manslaughter instruction error is irrelevant to defendant's murder conviction, since a valid conviction for armed robbery necessarily means defendant is guilty of felony murder. Before addressing the merits of this contention, we first note defendant's objection to our consideration of this issue because the State has raised the issue for the first time on rehearing. Due to the unique circumstances surrounding our reversal of defendant's convictions and the fact that our previous Rule 23 order on defendant's direct appeal did address the felony-murder question, we believe fairness and justice require that we consider the State's claim here.

---

*Justice Campbell participated in this opinion after the resignation of Justice Quinlan.

■ Numerous appellate courts have held that a murder conviction need not be reversed despite the existence of a *Reddick* error if the error can be deemed harmless beyond a reasonable doubt. (*People v. Beacham* (1989), 189 Ill. App. 3d 483; *People v. Skipper* (1988), 177 Ill. App. 3d 684, 533 N.E.2d 44 (supplemental opinion (1989), 177 Ill. App. 3d 688, 533 N.E.2d 46); *People v. Carter* (1988), 177 Ill. App. 3d 593, 532 N.E.2d 531.) In the case at bar, the State asserts that the *Reddick* error is harmless because it is irrelevant to defendant's felony-murder conviction. Under the felony-murder rule, a defendant may be found guilty of murder for a death caused during the course of a forcible felony (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3)) regardless of defendant's intent as to the killing (*People v. Moore* (1983), 95 Ill. 2d 404, 447 N.E.2d 1327; *People v. Hickman* (1974), 59 Ill. 2d 89, 319 N.E.2d 511). Because a defendant's mental state is not in issue with felony murder, the State argues that the *Reddick* instructional error would not be grounds for reversing defendant's murder conviction here. The Illinois Supreme Court accepted a similar argument in *People v. Moore* (1983), 95 Ill. 2d 404, 447 N.E.2d 1327, under circumstances involving a trial court's failure to tender a voluntary manslaughter instruction.

The State's harmless error argument rests on its assertion that the jury found defendant guilty of felony murder. At defendant's trial, the jury found defendant guilty of armed robbery, but the jury was given and returned only a general murder verdict form. The jury instructions, as well as the indictment, however, indicated the alternative theories of murder under the murder statute, including the felony-murder theory. Confronted with these circumstances in *Moore*, the supreme court determined that the evidence of the armed robbery there was overwhelming so that the jury could not have convicted defendant of anything but felony murder. In the case at bar, however, the question of whether the jury's finding that defendant committed armed robbery indicates that defendant was found guilty of felony murder is a more difficult one.

■ The defense theory at trial was that defendant lacked the intent to commit robbery at the time of the victim's death. While a robbery conviction may be sustained where a defendant does not form the intent to rob until after force was used (*People v. Jordan* (1922), 303 Ill. 316, 135 N.E. 729; *People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285), one of the requirements of felony murder is that the death be caused during the course of the forcible felony (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3)). Acknowledging the jury's armed robbery conviction, defendant asserts that we have no way of

knowing whether the jury found that the killing was "in the course of the robbery" to constitute felony murder.

Before evaluating the trial evidence as it relates to this element, it is necessary that we consider the State's argument that this court, in the Rule 23 order on defendant's direct appeal, already found no merit to defendant's contention that he was not properly found guilty of felony murder. On defendant's direct appeal, we determined only that the evidence presented at trial was sufficient to sustain the jury's murder conviction under both the intent-murder and felony-murder theories. We were not faced with the situation where one of the theories could not sustain the verdict. Where a verdict is supportable on one ground but not another, and it is impossible to tell which grounds the jury selected, the conviction is unconstitutional. *Yates v. United States* (1957), 354 U.S. 298, 312, 1 L. Ed. 2d 1356, 1371, 77 S. Ct. 1064, 1073; *Stromberg v. California* (1931), 283 U.S. 359, 368, 75 L. Ed. 1117, 1122, 51 S. Ct. 532, 535; *Cramer v. Fahner* (7th Cir. 1982), 683 F.2d 1376, 1379-80.

■ Reviewing the evidence here, while the State presented overwhelming evidence linking defendant to the scene where the victim was robbed and beaten, it presented no eyewitness account of the occurrence and it presented a statement made by defendant, albeit contradicting an earlier statement, which indicated that he did not form the intent to rob the victim until after the beating. A finding that the death occurred during the course of the armed robbery necessarily turned on the credibility of the defendant. As such, our finding that the trial would not have reached a different result without the *Reddick* instruction error would be an invasion of the province of the jury. (See *People v. Sloan* (1985), 129 Ill. App. 3d 242, 249, 472 N.E.2d 93, 98, *rev'd on other grounds* (1985), 111 Ill. 2d 517.) Thus, unlike *Moore*, the evidence here was not overwhelming so that the jury could not have found anything but that the victim's death was caused during the course of the armed robbery.

A similar result was reached in *People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285, where the jury returned verdicts for armed robbery, manslaughter and murder. In holding that the trial court erred in merging the voluntary manslaughter convictions into the murder convictions, the appellate court rejected an argument similar to that advanced here, stating "[b]ecause the jury was not given a verdict form for felony-murder, and because the evidence presented here allows for the possibility that a jury could find that the [victim's death] had not occurred while defendants were 'committing or attempting to commit' [citation] an armed robbery, we cannot make a *de*

*novo* finding of felony murder." *Washington*, 127 Ill. App. 3d at 376, 468 N.E.2d at 1293.

Accordingly, defendant is entitled to a new trial as to the murder charge.

Affirmed in part; vacated in part and remanded.

CAMPBELL, and O'CONNOR, JJ., concur.