NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231110-U

NO. 4-23-1110

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| CHAD MARTIN, | ) | No. 18CF1085 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court granted the Office of the State Appellate Defender's motion to
withdraw as counsel and affirmed the circuit court's judgment, as no issue of
arguable merit could be raised on appeal.

¶ 2     In August 2019, defendant, Chad Martin, pleaded guilty first degree murder (720

ILCS 5/9-1(a)(3) (West 2018)) and aggravated robbery (720 ILCS 5/18-1(b) (West 2018)) and

received sentences of 45 years' and 6 years' imprisonment, to be served consecutively. In

January 2022, defendant filed a *pro se* postconviction petition, which the circuit court dismissed

at the first stage of postconviction proceedings.

¶ 3     In April 2023, defendant filed a petition pursuant to section 2-1401 of the Code of

Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2022)), which the circuit court denied.

Defendant appeals, arguing the court erred in denying the petition. The Office of the State

Appellate Defender (OSAD) moved to withdraw as appointed counsel, contending no arguably meritorious issue can be raised on appeal. We grant OSAD's motion to withdraw and affirm the court's judgment.

¶ 4                                   I. BACKGROUND

¶ 5            On September 17, 2019, defendant entered a negotiated guilty plea to first degree murder (720 ILCS 5/9-1(a)(3) (West 2018)) in Sangamon County case No. 18-CF-1085 and aggravated robbery (720 ILCS 5/18-1(b) (West 2018)) in case No. 17-CF-767. In exchange, the State dropped the remaining charges in both cases, as well as in case Nos. 17-CF-892, 18-CF-73, and 18-CF-967. The circuit court accepted the plea and sentenced defendant to consecutive terms of 45 years' and 6 years' imprisonment.

¶ 6            On January 6, 2022, defendant filed a *pro se* postconviction petition, arguing his 45-year sentence was void *ab initio* because he "could not enter an [*sic*] voluntary plea of guilty based on an [*sic*] non-existent statute," plea counsel was ineffective for advising him to plead guilty, he was actually innocent of the charged offenses, and the judgment against him was null and void because the court lacked subject matter jurisdiction. The circuit court dismissed the petition, noting the recent amendment to the felony murder statute had no retroactive impact on defendant's conviction:

> "[A]ll of [defendant's] claims in his Petition fail to state an arguable basis in both
> fact and law because he was prosecuted under a valid and enforceable statute, and
> because he ultimately plead guilty to a valid legal theory of first degree murder,
> under the felony-murder rule, that was supported by sufficient facts included in
> the record of the proceedings. The amendment to the statute that [defendant] uses

to form the basis of his relief simply does not have the legal impact on his proceedings that defendant claims that is has."

¶ 7           On April 17, 2023, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2022)), insisting the circuit court erred in dismissing his postconviction petition because, *inter alia*, (1) the court did not admonish him properly regarding a robbery charge in case No. 18-CF-1085, which the State dismissed per the plea agreement; (2) the court "participated in an unlawful conspiracy with [the special prosecutor] to cure a major and significant defect" in the aggravated robbery charge; and (3) the State's factual basis did not support a felony murder conviction, and therefore the court "lacked the correct understanding of felony[ ]murder" when it accepted defendant's plea.

¶ 8           On April 28, 2023, the State's Attorney Appellate Prosecutor (SAAP) filed an entry of appearance and moved to dismiss the petition, arguing it was barred by the two-year statute of limitations, the judgment was not void, the circuit court did not lack subject matter jurisdiction, and an admonition error would not cause the court to lose jurisdiction. On July 3, 2023, defendant moved to strike the motion to dismiss for failure to provide statutory citations, and the State filed an amended motion to dismiss on July 13, 2023, which was substantively similar to its initial motion.

¶ 9           On October 16, 2023, the circuit court conducted a hearing on the State's motion to dismiss. Defendant insisted SAAP did not have authority to file its motion and argue it before the court. Defendant asked the court to recuse itself because his petition accused the court of unlawfully conspiring with SAAP, which, according to defendant, created a conflict of interest. Defendant also cited a 2018 newspaper article that allegedly reported defendant was previously released from jail for cooperating with the police, which defendant claimed placed him in danger

while he was incarcerated. The court permitted SAAP to continue participating in the proceedings and declined defendant's request for recusal.

¶ 10 After hearing arguments, the circuit court granted the motion to dismiss, finding it complied with Illinois Supreme Court Rule 402 (eff. July 1, 2012) when it accepted defendant's plea because it admonished defendant regarding the charges to which he pleaded guilty, including the maximum and minimum sentences defendant faced and the plea's collateral consequences. The court found the factual basis to which defendant stipulated was sufficient to find he committed felony murder. The court further found defendant's section 2-1401 petition was untimely because it had both subject matter and personal jurisdiction over defendant when it accepted his plea, such that the two-year statute of limitations applied.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 OSAD moved to withdraw as appointed counsel, asserting no issue of arguable merit can be raised on appeal. OSAD sent defendant a copy of its motion and supporting memorandum. No response has been filed. For the following reasons, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 14 A. Defendant's Petition Was Untimely Filed and Lacked Merit

¶ 15 First, the circuit court did not err in denying defendant's section 2-1401 petition because it was untimely filed and its arguments lacked merit. "Section 2-1401 of the [Civil Code] allows for relief from final judgments more than 30 days after their entry." *People v. Lee*, 2012 IL App (4th) 110403, ¶ 15, 979 N.E.2d 992. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or

- 4 -

claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). To obtain relief under section 2-1401, a petitioner must demonstrate the existence of a meritorious defense or claim, due diligence in presenting this defense or claim in the original action in the circuit court, and due diligence in filing the section 2-1401 petition. *Lee*, 2012 IL App (4th) 110403, ¶ 15. "The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed." *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 9, 971 N.E.2d 633. We review the dismissal of a section 2-1401 petition for an abuse of discretion. *Lee*, 2012 IL App (4th) 110403, ¶ 15.

¶ 16 Defendant did not file his section 2-1401 petition within two years of his guilty plea, and he does not claim he experienced a legal disability or duress or that the ground for relief was fraudulently concealed. See *Nitz*, 2012 IL App (2d) 091165, ¶ 9. Instead, defendant argues the circuit court did not comply with Rule 402 when it accepted his guilty plea, and thus his convictions and the court's dismissal of his postconviction petition are void. "[A] voidness challenge may be raised at any time in any court." *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 41, 213 N.E.3d 992; see 735 ILCS 5/2-1401(f) (West 2022) ("Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief."). However, "a judgment is void only if it was entered by a court lacking jurisdiction." *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 12, 964 N.E.2d 646. The record does not support defendant's assertion the court failed to comply with Rule 402, and even if such a failure occurred, it would not render defendant's convictions and sentence void. See, *e.g.*, *People v. Santana*, 401 Ill. App. 3d 663, 666, 931 N.E.2d 273, 278 (2010) (finding the circuit court's failure to provide the proper mandatory supervised release

admonitions before accepting the defendant's guilty plea did not render the judgment void). The final judgment against defendant was not void, and defendant was required to file his petition within two years of the final judgment. He failed to do so. Accordingly, the court did not err in granting the State's motion to dismiss.

¶ 17 Additionally, defendant's claims lack merit. He argued the circuit court failed to comply with Rule 402 because it did not admonish him regarding a robbery charge brought in case No. 18-CF-1085, but the court was not required to provide admonitions concerning a charge that was dismissed pursuant to defendant's plea agreement. See, *e.g.*, *People v. Boykins*, 2017 IL 121365, ¶¶ 3, 17-19, 93 N.E.3d 504 (finding no error occurred where, *inter alia*, the circuit court provided admonitions regarding the first degree murder charge to which the defendant pleaded guilty, but not the charges dismissed pursuant to the plea agreement); *People v. Higgins*, 2023 IL App (4th) 220837, ¶¶ 10-16, 42-43, 239 N.E.3d 711 (finding no error occurred where, *inter alia*, the circuit court admonished the defendant regarding the charges to which the defendant pleaded guilty, but not the charges brought in a separate case that was dismissed); see also Ill. S. Ct. R. 402(a) (eff. July 1, 2012);. The record shows defendant pleaded guilty to first degree murder in case No. 18-CF-1085 and aggravated robbery in case No. 17-CF-767, and the State dropped the remaining charges pending in those cases, as well as in case Nos. 17-CF-892, 18-CF-73, and 18-CF-967. The court provided the requisite Rule 402 admonitions for the charges to which defendant pleaded guilty. Defendant cannot show he was denied real justice or prejudiced by an inadequate admonition. See *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991).

¶ 18 Defendant's allegation of a conspiracy between the circuit court and SAAP "to cure a major and significant defect" in one of his convictions demonstrates a misapprehension of the applicable law. Defendant's petition relies on *People v. Nielson*, 187 Ill. 2d 271, 299, 718

N.E.2d 131, 148 (1999), to argue "one cannot rob a corpse," but *Nielson* did not involve the robbery of a deceased victim. Rather, it is well-settled that "[t]he fact that the [victim] had been reduced to a state of physical nonresistance before his money was taken does not relieve the crime of the quality constituting robbery." *People v. Jordan*, 303 Ill. 316, 319, 135 N.E. 729, 730 (1922). Defendant also provides no evidence indicating a conspiracy beyond his petition's bare allegations.

¶ 19 Defendant's argument the factual basis presented during his plea hearing was insufficient based on the 2021 amendment to the felony murder statute also lacks merit. "Generally, an amendment to a statue will be construed to apply prospectively and not retroactively. [Citation.] This presumption can be rebutted by express statutory language or by necessary implication. [Citations.]" *People Digirolamo*, 179 Ill. 2d 24, 50, 688 N.E.2d 116, 128 (1997). The statutory amendment in question contains no express language or necessary implication indicating it applies retroactively. Defendant cannot rely on a statutory amendment enacted multiple years after his guilty plea to constitute a meritorious defense or claim for the purposes of his section 2-1401 petition. See *Lee*, 2012 IL App (4th) 110403, ¶ 15.

¶ 20 B. The Circuit Court Complied With the Rules of Civil Procedure.

¶ 21 Further, the circuit court followed the proper procedure throughout the proceedings. Whether a court follows the proper procedure is a question of law, which we review *de novo*. *People v. Shellstrom*, 345 Ill. App. 3d 175, 176, 802 N.E.2d 381, 383 (2003). "[A]n action brought under section 2-1401 is a civil proceeding and *** is subject to the usual rules of civil practice, even when it is used to challenge a criminal conviction or sentence." *Vincent*, 226 Ill. 2d at 6. Under section 2-1401, once a petitioner proves the requisite notice (see 735 ILCS 5/2-1401(b) (West 2022)), the State has 30 days to respond. See *People v. Laugharn*, 233 Ill. 2d

318, 323, 909 N.E.2d 802, 805 (2009). "[B]asic notions of fairness dictate that a petitioner be afforded notice of, and a meaningful opportunity to respond to, any motion or responsive pleading by the State." *People v. Stoecker*, 2020 IL 124807, ¶ 20, 181 N.E.3d 201. Here, defendant filed his section 2-1401 petition on April 17, 2023, and the State filed its motion to dismiss on April 28, 2023. The State subsequently filed an amended motion to dismiss on July 13, 2023, after defendant moved to strike its initial motion to dismiss for failure to provide statutory citations. Considering the court conducted the hearing on the amended motion to dismiss on October 16, 2023, defendant received ample opportunity to respond to it.

¶ 22        Likewise, no issue of arguable merit exists regarding SAAP's participation in the proceedings. We review a circuit court's appointment of a special prosecutor for an abuse of discretion. See *People v. Bickerstaff*, 403 Ill. App. 3d 347, 352, 941 N.E.2d 896, 900 (2010). Nothing in the record suggests SAAP lacked the authority to act on behalf of the State during the proceedings in question. SAAP filed an entry of appearance on April 28, 2023, the same day it filed its initial responsive motion to dismiss. Defendant did not object to SAAP's participation until the hearing on October 16, 2023. Defendant cannot argue prejudice resulting from SAAP's participation in the proceedings, as his petition was untimely filed and its arguments lacked merit. See *Vincent*, 226 Ill. 2d at 13 ("[A] trial court may dismiss a claim *sua sponte* *** without notice where the claimant cannot possibly win relief." (Internal quotation marks omitted.)); *People v. Woodall*, 333 Ill. App. 3d 1146, 1161, 777 N.E.2d 1014, 1026 (2002) (declining to reverse the defendant's convictions when special prosecutors acted beyond the statutory charter to assist where defendant was not prejudiced and "[t]o the extent that the *** attorneys' lack of proper authority to prosecute somehow inflicted injury, it was a wound that the defendant invited

by allowing their presence to go unchallenged"). OSAD correctly asserts it cannot argue the court abused its discretion by allowing SAAP to participate in the proceedings.

¶ 23                                III. CONCLUSION

¶ 24           For the foregoing reasons, we grant OSAD's motion to withdraw and affirm the circuit court's judgment.

¶ 25           Affirmed.